632 So.2d 880 (1994)
Joyce HERREN, Plaintiff-Appellee,
v.
STATE of Louisiana and Office of Risk Management, Defendants-Appellants.
No. 25564-CA.
Court of Appeal of Louisiana, Second Circuit.
February 23, 1994.
*881 Dorothy F. Jackson, Davis & Singleton, Shreveport, for defendants-appellants.
John D. Collinsworth, Sheuy & Smith, Shreveport, for plaintiff-appellee.
Before NORRIS, BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
The State of Louisiana, through the Office of Risk Management, Division of Administration, Office of the Governor (ORM) appeals the administrative hearing officer's judgment awarding the plaintiff, Joyce Herren, supplemental earnings benefits. For the reasons expressed below, we affirm.
Claimant, Joyce Herren, was employed by the Northwest State School as a resident training aid. On February 23, 1985, she was injured while moving a patient. Claimant was subsequently paid weekly worker's compensation benefits in the amount of $131.23 from the date of her disability. On September 4, 1990, the defendant, ORM, converted her benefits status from temporary total disability to supplemental earnings benefits. On December 11, 1990, the defendant terminated the claimant's benefits. Shortly thereafter, claimant filed a claim with the Office of Worker's Compensation.
After her injury, claimant was examined by Dr. Clinton McAllister who diagnosed her condition as a cervical sprain and treated her injury conservatively. On July 9, 1985, claimant was examined by Dr. Phillip Osborne who diagnosed the cause of her pain as a possible muscle spasm or entrapment syndrome of the right trapezius muscle. After the claimant underwent physical therapy and examinations by a neurologist, a psychiatrist and a psychologist, Dr. Osborne concluded *882 that she suffered from traumatic fibromyalgia. Dr. Osborne assessed claimant a ten percent disability rating and released her to perform work that would not involve the repeated use of her arm.
Dr. William Bundrick performed surgery on claimant's right rotator cuff in March 1988. Claimant then began seeing Dr. Craig Springmeyer for her post-surgery follow-up exams. In February 1989, Dr. Springmeyer performed arthroscopic surgery on claimant's left shoulder. After the claimant began to complain of lower back and leg pain, she also underwent a laminectomy at L4 and diskectomies at L4-L5 and L5-S1 in April 1989. Dr. Springmeyer testified that he could not determine what caused the claimant to begin experiencing lower back pain. He gave claimant a permanent partial disability rating of twenty percent and released her to return to work with specified restrictions on lifting, sitting, bending, squatting, crawling, climbing, standing, walking and driving. Shortly thereafter, the defendant terminated the claimant's benefits.
The administrative hearing officer found that the claimant's chronic pain syndrome known as traumatic fibromyalgia was triggered by her work-related injury. She awarded claimant temporary total disability benefits from the date of her injury until November 15, 1990. She awarded claimant supplemental earnings benefits from November 15, 1990 until she could earn ninety percent of her pre-injury wage.
Defendant, ORM, contends claimant's condition is not due to a job-related trauma because there are no objective findings of injury and claimant's pain is of a psychological nature. Defendant further argues claimant reached maximum medical improvement when she was released by Dr. McAllister.
In a worker's compensation action, the employee must establish by a preponderance of the evidence that the injury arose out and in the course of her employment. Bruno v. Harbet International, Inc., 593 So.2d 357 (La.1992). The work-related accident requirement should be liberally interpreted. Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989).
The trial court's determinations as to whether the employee's testimony is credible and whether the employee has discharged her burden of proof are factual determinations that should not be disturbed on review unless clearly wrong or manifestly erroneous. Bruno, supra; Gonzales v. Babco Farms, Inc., 535 So.2d 822 (La.App.2d Cir.), writ denied, 536 So.2d 1200 (La.1988). The manifest error/clearly wrong standard of appellate review applies in a worker's compensation action even when the trial court's decision is based solely upon written reports, records or depositions. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825 (La.1987). When a factfinder's finding is based on its decision to credit the testimony of one or two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant case, Dr. Osborne testified that claimant's condition is ordinarily found in individuals with a hysterical personality or an obsessive compulsive personality. He felt that individuals with traumatic fibromyalgia generally overreact and will experience more disability or pain than the average person. Most individuals with this disorder are dysfunctional prior to the trauma, i.e., they have a longstanding psychiatric problem that has nothing to do with the trauma, and therefore, their "injury" is not work-related. They do not function well in a structured environment with other employees and by assuming the disabled role, they can escape the work force. A minority of individuals are able to function well until they are injured, i.e., their injury aggravates a psychiatric illness and, as a result, they become psychiatrically unstable and disabled.
Dr. Osborne provided a list of factors that can be utilized to determine whether the claimant is using her "injury" as a means of escaping the work force in order to avoid dealing with her personality disorder. There is no evidence which suggested that claimant was using the accident to avoid her responsibilities since her previous medical history was unremarkable and there was no evidence of that she had any problems with raising three children, performing household duties *883 and getting along with her neighbors and co-workers.
After reviewing Dr. Osborne's testimony, the administrative hearing officer concluded claimant's accident at work caused the traumatic fibromyalgia.
An abnormally susceptible worker is entitled to no less protection than a healthy worker, and it is immaterial that the diseased or weakened condition eventually might have produced the disability outside employment. Thus, a preexisting disease or infirmity does not disqualify a claimant if the work-related injury aggravated, accelerated or combined with the disease or infirmity to produce a disability for which compensation is claimed. Prudhomme v. DeSoto Professional Home Health Services, 579 So.2d 1167 (La.App.2d Cir.1991). Thus, on this record, we cannot say the hearing officer was clearly wrong in concluding that claimant's injury was job-related.
Appellants also contend claimant is no longer entitled to supplemental earnings benefits. An injured employee seeking supplemental earnings benefits has the burden of proving by a preponderance of the evidence that his injury resulted in an inability to earn ninety percent or more of the wages he was receiving at the time of his injury. LSA-R.S. 23:1221(3)(c)(i); Prudhomme, supra.
Dr. Springmeyer indicated that claimant has a twenty percent partial impairment rating. He testified that claimant could return to work with some restrictions. However, these restrictions precluded claimant from returning to her previous employment, which required that she lift clients. Claimant would likely encounter the same lifting requirements in a similar job. The claimant has a tenth grade education and no vocational training. Furthermore, she has applied for several jobs and has been rejected on each occasion. Thus, claimant has established a prima facie case of entitlement to supplemental earnings benefits.
Once the claimant has established a prima facie case of entitlement to supplemental earnings benefits, the employer has the burden of showing that claimant is physically able to perform work that was offered or available in her reasonable geographic region. LSA-R.S. 23:1221(3)(c)(i); Prudhomme, supra.
The defendant procured the services of a rehabilitation firm to assist the claimant in finding a new job. The record indicates that the rehabilitation firm failed to contact and consult with the claimant to determine her level of education, her employment history or whether she had any marketable skills. While we note that the defendant tendered the claimant a list of jobs approved by Dr. Springmeyer, the record reflects that neither of these employers nor any of the employers contacted by claimant on her own initiative would hire her or had jobs available. The administrative hearing officer found that the defendant failed to carry its burden of proving that there was work available to the claimant in her reasonable geographic area that she was physically able to perform. On this record, we cannot say that the administrative hearing officer's findings were clearly wrong.
For the foregoing reasons, the administrative hearing officer's judgment awarding the claimant supplemental earning benefits is affirmed.
AFFIRMED.