AMY, Judge.
| ]Although the claimant’s employer provided workers’ compensation benefits due to a series of work-related accidents, the claimant filed a disputed claim form due to the employer’s denial of benefits related to fibromyalgia. After a hearing, the workers’ compensation judge found insufficient proof of causation between fibromyalgia and the claimant’s work-related accident. It denied benefits related to that diagnosis and denied other requested relief. Subsequently, the claimant filed another disputed claim form which was dismissed upon a granting of the employer’s exception of res judicata. The claimant appeals both judgments. For the following reasons, we affirm the denial of further benefits. However, we reverse the granting of the exception of res judicata.
Factual and Procedural Background
The claimant, Judy Davis, was employed as a laborer for the Department of Transportation and Development when she allegedly sustained injuries to her right hand, wrist, arm and shoulder while shoveling asphalt in May 2000. Subsequently, in September 2000, Ms. Davis fell from a dump truck and allegedly sustained injury to her right side, neck, shoulder, back, and her hip. Finally, the claimant alleges that she slipped while exiting her truck and injured her right shoulder.
Although DOTD provided workers’ compensation indemnity and medical benefits, it denied benefits related to fibromyalgia as diagnosed by the claimant’s internal medicine and rheumatology physician, Dr. Miguel Garcia. The claimant filed the disputed claim for compensation instituting this matter in December 2004. She designated the following issues for consideration: 1) Extent and duration of disability; 2) Failure to pay indemnity benefits; 3) Failure to pay for medical treatment; 4) Failure to provide vocational rehabilitation; 5) Failure to provide |2treatment for fibromyalgia; and 6) Penalties and attorney fees. At the time of the December 2007 hearing, the employer continued to provide indemnity benefits.
During the hearing, the workers’ compensation judge excluded various exhibits offered by both the claimant and the defendant due to the parties failure to follow a pre-trial scheduling order. In light of the evidence presented, the workers’ compensation judge found that the claimant failed to carry her burden of proving entitlement to benefits related to the fibro- *972 myalgia diagnosis. The judgment, signed on April 17, 2008, ordered “that claimant’s request for workers’ compensation benefits, as related to fibromyalgia, is denied[.]” The workers’ compensation judge also denied the claimant’s remaining requests.
On the same day as the hearing, December 7, 2007, the claimant filed a new disputed claim for compensation asserting that, among other things, the previous compensation rate was incorrect and again asserting that Dr. Garcia’s treatment should be provided. DOTD filed an exception of res judicata arguing that the causes of action alleged in the new claim form arose out of the same transaction or occurrence that was the subject matter of the April 17, 2008 judgment and were, therefore, extinguished. The workers’ compensation judge granted the exception and dismissed the claimant’s claim.
The claimant appeals both the merits of the April 17, 2008 judgment and the granting of the exception of res judicata.[1] On appeal of the merits, the claimant assigns the following as error in her brief:
|aI. Did the WCJ err, as a matter of law, in disregarding the unopposed and uncontradicted opinions of plaintiffs treating physician that she suffered from fibromyalgia as a result of her work-related injuries?
II. Should the WCJ decision terminating all indemnity and medical benefits be reversed as a result of the WCJ’s abuse of discretion in disallowing plaintiffs exhibits and refusing to allow a proffer, thereby necessitating a remand for a determination of (1) plaintiffs AWW, (2) whether plaintiff is totally or partially disabled and (3) the propriety of an award of penalties and attorney fees.
With regard to the granting of the exception of res judicata, the claimant asserts that the ruling was inappropriate as the April 17, 2008 judgment was not yet final. She also asserts that certain aspects of the subsequently filed claim form had not been ruled upon by the workers’ compensation judge.
Discussion

Motion to File a Late Reply Brief

The claimant filed a motion to file a late reply brief, which the employer opposed. The filing was referred to this panel for consideration with the merits. We deny the claimant’s motion pursuant to Uniform Rules — Courts of Appeal, Rule 2-12.7, which provides that “[t]he reply brief, if any, of the appellant shall be filed not later than 10 calendar days after the ap-pellee’s brief is filed.” In this case, the employer filed its appellee’s brief on May 5, 2009. Yet, the claimant’s motion to file a late reply brief was not filed until May 26, 2009, after the ten-day period set forth in the rule. Further, the claimant did not set forth reasons for the delay.

Causation

In her first assignment, the claimant argues that the workers’ compensation judge erred in rejecting what she contends was the uncontradicted evidence of causation offered by her treating physician, Dr. Garcia. She asserts that there was no JjSound reason for the workers’ compensa *973 tion judge to disregard Dr. Garcia’s opinion that the fibromyalgia diagnosis was related to the work-related accidents.
It is the claimant’s burden to establish, by a preponderance of the evidence, a causal link between the work-related accident and the subsequent disabling condition for which benefits are sought. Guilbeaux v. Office of Dist. Attorney, 07-89 (La.App. 8 Cir. 5/30/07), 957 So.2d 959. With regard to causation of fibromyalgia, the claimant presented only Dr. Garcia’s deposition testimony.[2] The workers’ compensation judge’s reasons for ruling indicate full consideration of the testimony in his three depositions. The workers’ compensation judge explained:
As to causation, Dr. Garcia found that based on her history and official findings, claimant has fibromyalgia, secondary to the accident of September, 2000.
Dr. Garcia’s deposition was taken again on October 29th, 2003. It was taken in an effort to, “clear up” defendant’s contention that Dr. Garcia’s findings of causation is not supported by the medical community. Dr. Garcia noted he arrived at the diagnosis of fibromyal-gia by ruling out other diseases. He noted that fibromyalgia is an entity that is completely clinical. There is not a test that diagnoses fibromyalgia. “What causes fibromyalgia? We don’t know. We know things that go to a basic pattern seem to cause the symptomatology. That is why it is a syndrome, not a disease.”
Dr. Garcia further found that “anything that will make a person maintain— and maintain that patient without having stage three and four sleeping, sooner or later that person will develop symptoms of fibromyalgia no matter who it is.” Dr. Garcia went on to say, “after she had the accident she had problems sleeping, which is the main road to develop fibromyalgia in every patient that has it.” He further notes, “one thing is to say that trauma causes fibromyalgia. The other thing is to say that fibromyal-gia can be caused by the inability to sleep, caused by the pain that an accident or trauma has caused.” Dr. Garcia opined that the only thing that we know that causes fibromyalgia is sleep pattern disturbance. He found that the fibro-myalgia is secondary to the pain and the inability to sleep that claimant reported after the injury as a result of the accident.
|fiCounsel for defendant noted literature indicating fibromyalgia did not exist. It was a fallacy. Dr. Garcia acknowledged literature indicating there is no such thing as traumatic fibromyalgia. He notes his agreement with that literature. In an effort to explain that agreement versus his findings of causation in reference to claimant, he notes “It is not the trauma that causes the fibromyalgia. What causes fibromyalgia is injuries to a patient that prevents them from sleeping.”
Lyme Disease and Hypersensitivity Syndrome to pain were discussed as alternative diagnoses for claimant’s symptoms. However, testing for those problems were not performed. There are no laboratory tests available for diagnosing fibromyalgia. Doctors must rely on patient’s histories and self-reported symptoms.
Dr. Garcia admitted fibromylgia symptoms overlap with other symptoms and conditions and diseases of the body. He also acknowledged that fibromyalgia is a chronic, painful musculoskeletal dis-
*974 order of unknown etiology and/or physiology. There is no consensus on fibro-myalgia in terms of causation. There is no professional scientific consensus.
Dr. Garcia’s deposition was taken for a third time on November 29th, 2007. Once again he acknowledged that fibro-myalgia is a syndrome that can be caused by different factors. The most frequent factor is disturbance in the sleep process. He felt claimant’s accident caused her to be depressed, which led to a sleep disturbance. He also noted that claimant is five feet and three inches tall and weighs 197 pounds. Those factors place her at risk of having sleep apnea which will exacerbate fibro-myalgia.
Dr. Garcia was shown a report generated by defendant’s choice of physician, Dr. Merlin Wilson.[3] Dr. Wilson found claimant had tender points that were suppose to be negative which were control points. In Dr. Wilson’s opinion, claimant had “something else.”
[[Image here]]
Claimant has been diagnosed with fi-bromyalgia. According to her own treating physician, fibromyalgia is a syndrome, not a disease. It is a diagnosis of exclusion. According to Dr. Garcia, a syndrome is, “you don’t know what causes it. It can be multiple things.” He arrived at the diagnosis by ruling out other things, but he admits claimant was never tested for diseases including Lyme Disease and Hypersensitivity Syndrome to Pain. According to Dr. Garcia’s testimony, fibromyalgia is related to sleep disturbance and may be caused by pre and post |f,menopause. Dr. Garcia noted fibromyalgia is a chronic, painful musculoskeletal disorder of unknown etiology.
The findings of an unknown etiology prevents claimant from meeting her burden of proof in this case. The medical evidence falls short of a finding that claimant’s injuries of May 16th, 2000 and September 14th, 2000, caused her to have fibromyalgia, a syndrome which is questionable even in its form, nature and existence. Any finding that claimant has fibromyalgia and that the fibro-myalgia is related to her work accident would be based on speculation and conjecture. Jurisprudence has held where evidence leaves the probabilities evenly balanced or shows only a possibility of a causative accident or leaves it to speculation or conjecture, then the claimant’s case must fail.
Furthermore, defendant’s choice of physician, Dr. Merlin Wilson, disagreed with Dr. Garcia’s diagnosis as noted in the deposition of Dr. Garcia.
For these reasons, claimant’s request for workers’ compensation benefits, as related to fibromyalgia, is denied. Medical evidence demonstrating a causally related disability due to claimant’s work accident was not presented to this Court, and her requests are denied.
In Winford v. Conerly Corp., 04-1278, pp. 15-16 (La.3/11/05), 897 So.2d 560, 569-70, the supreme court set forth the standard of review as follows:
It is well settled that factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97) 696 So.2d 551, 556. (citations omitted). In applying the manifest error-clearly *975 wrong standard, the appellate court must determine whether the factfinder’s conclusion was reasonable, not whether the trier of fact was right or wrong. Banks, 696 So.2d at 556 (citing Stobart v. State, 617 So.2d 880, 882 (La.1993)). Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Id. (citations omitted). Thus, even where the appellate court is convinced it would have weighed the evidence differently if it had been sitting as trier, the court of appeal may not reverse if the factfinder’s findings are reasonable in light of the record reviewed in its entirety. Id.
Under this review, we find no manifest error in the workers’ compensation judge’s denial of benefits related to fibromyalgia. The workers’ compensation judge considered Dr. Garcia’s testimony at length, reproducing much of his testimony in the nine-pages of written reasons. Although Dr. Garcia opined that the claimant’s 17condition is secondary to her work-related accident, he also explained that the condition is a syndrome rather than a disease, is a diagnosis of exclusion, and can be caused by various factors. We find no manifest error in the workers’ compensation judge’s determination that this type of explanation was insufficient to meet the claimant’s burden of proving causation. This is true even in light of Dr. Garcia’s further statement that the fibromyalgia diagnosis was secondary to the work-related accident. It is clear that a trier of fact is charged with the evaluation of expert testimony and that the trier of fact may accept or reject an expert’s opinion in whole or in part. Ryan v. Zurich American Ins. Co., 07-2312 (La.7/1/08), 988 So.2d 214. Dr. Garcia’s testimony as a whole regarding the circumstances surrounding a diagnosis of fibromyalgia provide a sufficient basis for the workers’ compensation judge’s rejection of Dr. Garcia’s ultimate conclusion that the claimant’s condition was secondary to her work-related accident.
Finally, the claimant points out that fi-bromyalgia has been found to be a com-pensable workers’ compensation claim. However, each of the cases cited by the claimant[4] are ones in which the workers’ compensation judge initially found that the claimant demonstrated causation under the facts of that case. That determination was affirmed on appeal under the applicable deferential standard of review. This case is distinguishable as the workers’ compensation judge determined that the plaintiff failed to meet her burden of proof. The workers’ compensation judge considered, evaluated, and weighed the evidence before finding Dr. Garcia’s testimony as to | ^causation insufficient to meet the claimant’s burden of proof. We do not find this determination manifestly erroneous under the deferential standard of review.
This assignment lacks merit.

Termination of Benefits

Next, the claimant addresses the workers’ compensation judge’s exclusion of certain exhibits for violation of the pretrial scheduling order as well as testimony regarding the inclusion of fringe benefits in the calculation of the claimant’s average weekly wage. The claimant contends these rulings were in error and asserts that the lack of evidence prevented her *976 from demonstrating entitlement to continued benefits, notwithstanding the benefits claimed for fibromyalgia.
The workers’ compensation judge excluded the evidence at issue for three reasons. First, the workers’ compensation judge excluded evidence regarding fringe benefits as the issue was not listed on the claimant’s disputed claim form. Second, the workers’ compensation judge excluded payroll documents as the claimant’s subpoena for the evidence was untimely served. Third, exhibits of both the claimant and the employer were excluded as neither properly produced a pretrial statement as required by the pretrial scheduling order.
With regard to the issue of fringe benefits, the workers’ compensation judge observed that the issue was not raised in the claimant’s 1008 form, which lists the following issues to be determined:
a. Extent and duration of disability
b. Failure to pay indemnity benefits
c. Failure to pay for medical treatment
d. Failure to provide vocational rehabilitation
e. Failure to provide treatment for fi-bromyalgia
f. Penalties and attorney fees
No mention is made of the calculation of the claimant’s average weekly wage. Further, the Scheduling Conference Order of February 2, 2006 lists these same issues |9and directed the parties “to submit a pretrial statement within 7 days. Failure to do so may result in exclusion of evidence and/or testimony.” In excluding the evidence as to fringe benefits, the workers’ compensation judge observed that neither the 1008 listed the fringe benefit issue and noted the claimant’s failure to file a pretrial statement. The judge also referenced 40 La.Admin.Code tit, I, § 6007, which relates to the pretrial statement and provides:
A. The pretrial statement shall include:
1. Stipulations agreed to by all parties;
2. issues to be litigated;
3. contentions;
4. a list and brief description of all exhibits to be offered at trial;
5. a list of all witnesses to be called at trial;
6. desirability of mediation.
B. Amendments to the pretrial statement shall only be by written motion and permitted only for good cause shown.
(Emphasis added.)
Although La. R.S. 28:1317 provides that “[t]he workers’ compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided,” we find no abuse of the workers’ compensation judge’s discretion in its enforcement of the rules of its office. We conclude that the limited contents of both the 1008 and the pre-trial scheduling order, as well as the claimant’ failure to file a pretrial statement, support the exclusion of evidence regarding fringe benefits.
Similarly, the workers’ compensation judge enforced its scheduling order in excluding the exhibits of both parties due to their failure to file a pretrial statement. The exclusion of the claimant’s evidence effectively prevented the claimant from presenting her case regarding her entitlement to disability benefits for conditions other than fibromyalgia and prevented the employer from rebutting evidence regarding the causation of fibromyalgia. The workers’ compensation judge did, however, tailor its ruling and permitted the claimant to present evidence on which the ^employer lodged no objection. This evidence included Dr. Garcia’s depositions. As *977 above, we find no abuse of discretion in the workers’ compensation court’s enforcement of its rule.
Finally, the claimant disputes the exclusion of payroll records produced by the employer and the workers’ compensation judge’s refusal to allow the proffer of the records. The exclusion of these records was based on the claimant’s failure to abide by the office’s rule that “[i]n order to be enforceable, subpoenas for hearing shall be served seven (7) days prior to the scheduled hearing date[.]” 40 La.Admin.Code tit. I, § 5909. Instead, the claimant filed the subpoena involving the payroll records only two days prior to hearing. Given the clear language of the order, we find no abuse of discretion in the workers’ compensation judge’s exclusion of the records and, since they were improperly produced, its refusal to allow a proffer of the records. Additionally, the workers’ compensation judge permitted the claimant’s attorney to provide a statement setting forth the nature of the evidence pursuant to La.Code Civ.P. art. 1686(A)(which provides that “[wjhen the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence”).
This assignment lacks merit.

Exception of Res Judicata

As explained above, the claimant filed an additional disputed claim form on the day of the December 7, 2007 hearing on the merits of this case. The employer filed an exception of res judicata on the basis that the issues contained therein were adjudicated at the initial hearing. The workers’ compensation judge granted the exception, ordering “that the 1008 form, docket number 07-09286, filed on December |n7, 2007, is dismissed with prejudice^]” The claimant disputes the dismissal of the claim form on appeal.
While La. R.S. 13:4281 generally addresses res judicata, workers’ compensation cases have an even more specific reference in La. R.S. 23:1310.8(E) which provides that “[a] judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal[.]” Accordingly, as the initial judgment denied benefits and appellate rights had not yet been exhausted, the exception of res judi-cata was improperly granted. We reverse the granting of the exception of res judicata.
DECREE
For the foregoing reasons, the workers’ compensation judge’s judgment of April 17, 2008 is affirmed. All costs of this proceeding are assessed to the appellant, Judy D. Davis.
MOTION TO FILE LATE REPLY BRIEF DENIED. JUDGMENT AFFIRMED.
THIBODEAUX, Chief Judge, dissents and assigns written reasons.

. The appeals of the separate, final judgment were consolidated for dispositional purposes only by order of this court. Both appeals are discussed under Docket Number 09-228, which is an appeal of the merits of the claim and contains the decretal language for the merits of the claimant's suit. The decree relating to the claimant’s appeal of the granting of the exception of res judicata is set forth in the companion case, Judy Davis v. Louisiana Dep't of Transp. & Dev., et al., 09-672 (La. App. 3 Cir. 11/10/09), 27 So.3d 986.

. As will be discussed below, the workers’ compensation judge excluded certain exhibits by both the claimant and the defendant for failure to follow a pre-trial scheduling order.

. Although Dr. Wilson's report was excluded at the hearing, the workers' compensation judge's references are to the discussion regarding Dr. Wilson’s findings during Dr. Garcia's deposition.

. The claimant cites to the following: Frith v. Riverwood, Inc., 03-1340 (La.App. 1 Cir.4/2/04), 878 So.2d 595; Lizana v. Gulf Coast Pain Inst., 03-1672 (La.App. 1 Cir. 5/14/04), 879 So.2d 763; Woodrum v. Olive Garden Rest., 99-130 (La.App. 5 Cir. 5/19/99), 735 So.2d 911; Theus v. Schumpert Med. Ctr., 25,750 (La.App. 2 Cir. 4/5/95), 653 So.2d 178; Herren v. State, 25,564 (La.App. 2 Cir. 2/23/94), 632 So.2d 880.