STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-718


HELEN R. JACKSON

VERSUS

LIFE AT HOME, L.L.C.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 0701692
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Otha Curtis Nelson, Sr.
Nelson & Nelson
1606 Scenic Hwy.
Baton Rouge, LA 70802
(225) 383-3675
Counsel for Plaintiff/Appellant:
Helen R. Jackson

Matthew D. Crumhorn
Rabalais, Unland & Lorio
200 Caroline Court
Covington, LA 70433
(985) 893-9900
Counsel for Defendant/Appellee:
Life at Home, L.L.C.

**GREMILLION, Judge.**

On February 28, 2007, appellant, Helen R. Jackson, filed a Disputed Claim for Compensation with the Louisiana Department of Labor, asserting her entitlement to workers' compensation benefits from her employer, Life at Home, LLC, and its insurer, the Louisiana Commerce and Trade Association Self-Insurers Fund. The workers' compensation judge denied appellant benefits following trial on the merits. For the reasons that follow, we affirm.

## FACTS

On February 6, 2007, Jackson went to the emergency room of W.O. Moss Regional Medical Center in Lake Charles, Louisiana, with complaints of lower abdominal and left knee pain. The emergency room personnel reported that Jackson complained of lower abdominal pain and a fall from her bicycle that injured her left knee that occurred the previous evening. The ER physician diagnosed Jackson with a ventral hernia and instructed her to follow up with a surgeon.

Jackson related these abdominal complaints to her employment as a home health personal care assistant. Her primary responsibilities were to care for an elderly, obese woman at the woman's home. Jackson testified that this patient weighed approximately 400 pounds and required the assistance of a walker. However, the patient never left her bedroom unless she had a doctor's appointment. The patient required bathing at beside. Jackson would bathe the patient, which required lifting and turning her over. Jackson was responsible for getting the patient to doctor's appointments, which also required lifting the patient from her bed, assisting her in alighting from the steps from her home, and helping her get into the car for the ride to the office. Jackson testified that returning from the doctor's office was more arduous, because the patient's weakened state necessitated Jackson having

to struggle to get the patient up the steps into her home.

During these tasks, Jackson would experience abdominal pain. She related these pains to a herniation of an appendectomy surgical site. That surgery was performed in January 2006 during the time that Jackson was caring for the elderly woman. Jackson claims the surgical site became herniated because of the physical demands imposed by moving the elderly woman, assisting her up and down stairs and into the automobile. The February 6, 2007 incident occurred when Jackson was bicycling to work from a Burger King establishment when she was racked by abdominal pain and crashed, also injuring her left knee.

Jackson underwent surgical repair of the hernia. Life at Home refused to recognize Jackson's condition as compensable, and the present dispute began. After trial, the workers' compensation judge denied Jackson's claim on the grounds that Jackson's knee injury was not related to an on-the-job accident, and that she failed to carry her burden of proof that the hernia resulted from an accident in the course and scope of her employment. Jackson appeals.

**ANALYSIS**

The general proposition behind an award of benefits under Louisiana's workers' compensation scheme is that an employee is entitled to compensation benefits if she suffers personal injury by accident arising out of and in the course and scope of his employment. La.R.S. 23:1031(A). An "accident' is defined by La.R.S. 23:1021(1) as, "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration."

2

This court recently reaffirmed the proposition that a finding by the workers' compensation judge that a claimant failed to carry her burden of proof is one of fact, subject to the manifest error standard of review. *Davis v. State ex rel. Dept. of Transp. & Dev.*, 09-288 (La.App. 3 Cir. 11/10/09), ____ So.3d ___. Under the manifest error rule, the court of appeal must determine, not whether the trial court's findings were right or wrong, but whether they are reasonably supported by the record. *Stobart v. State, Dept of Transp. & Dev.*, 617 So.2d 880 (La.1993). Unless no reasonable basis for them exists in the record, the factual findings by the workers' compensation judge may not be disturbed. *Id.*

An employee's uncontradicted testimony may be sufficient to satisfy her burden of proof. *Bruno v. Harbert Intern. Inc.*, 593 So.2d 357 (La.1992). That testimony, however, must still establish that the personal injury for which compensation is sought resulted from an "accident," as defined in Section 1021. In the present matter, Jackson testified that the February 6, 2007 incident was not the precipitating event that caused her abdominal pain. In fact, she testified that she had suffered these abdominal pains almost from the day she was discharged following the appendectomy. It is clear that a reasonable basis exists in the record to support the workers' compensation judge's finding that Jackson failed to prove that the ventral hernia resulted from an accident. Further, it is equally clear that a reasonable basis exists in the record to support the workers' compensation judge's finding that the bicycle crash was not an accident that arose out of and in the course and scope of Jackson's employment. Jackson was away from her usual place of employment and testified that it occurred while she was returning from purchasing breakfast in preparation for going to work. As a general rule, traveling to and from work is not

3

considered within an employee's course and scope of employment. *McLin v. Industr. Specialty Contractors, Inc.*, 02-1539 (La. 7/2/03), 851 So.2d 1135.

## CONCLUSION

The workers' compensation judge found that Jackson's knee injury was not suffered in the course and scope of her employment and that her ventral hernia did not result from an "accident," as that is defined in the Worker's Compensation Act. These findings are subject to review by this court under the manifest error standard. A reasonable basis exists in the record for these findings, and this court is constrained from reversing them.

Costs of this appeal are taxed to Appellant, Helen R. Jackson.

**AFFIRMED.**