# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 11-404

JUDY DAVIS

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT AND
THE OFFICE OF RISK MANAGEMENT

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTICT 1-E
PARISH OF OUACHITA, NO. 07-09286
BRENZA IRVING JONES, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, J. David Painter, and James T. Genovese,
Judges.

**AFFIRMED.**

George A. Flournoy
Flournoy & Doggett (APLC)
Post Office Box 1270
Alexandria, Louisiana 71309
(318) 487-9858
COUNSEL FOR PLAINTIFF/APPELLANT:
    Judy Davis

**James D. "Buddy" Caldwell**
**Attorney General**
**Leanne M. Broussard**
**Assistant Attorney General**
**429 Murray Street, 4th Floor**
**Post Office Box 1710**
**Alexandria, Louisiana 71309-1710**
**(318) 487-5944**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **State of Louisiana, Department of Transportation**
      **and Development and the Office of Risk Management**

**GENOVESE, Judge.**

In this workers compensation case, claimant, Judy Davis, appeals the judgment of the Office of Workers' Compensation (OWC) granting the Exception of Res Judicata filed by her employer, State of Louisiana, Department of Transportation and Development, and the Office of Risk Management (the State). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ms. Davis sustained three work-related accidents during the course of her employment with the State for which she received indemnity benefits. A dispute later arose prompting Ms. Davis to file a Disputed Claim for Compensation (1008) on December 16, 2004, bearing OWC docket number 04-9196, wherein she set forth that a bona-fide dispute existed with regard to the: (1) "[e]xtent and duration of disability[;]" (2) "[f]ailure to pay indemnity benefits[;]" (3) "[f]ailure to pay for medical treatment[;] (4) "[f]ailure to provide vocational rehabilitation[;]" (5) "[f]ailure to provide treatment for fibromyalgia[;]" and (6) "[p]enalties and attorney fees[.]" The matter was tried on December 7, 2007. On February 11, 2008, the workers' compensation judge (WCJ), in his oral reasons for judgment, ruled in favor of the State, finding that Ms. Davis had failed to prove her entitlement to workers' compensation benefits, and the WCJ signed a judgment consistent therewith on April 17, 2008. Ms. Davis filed a Motion for New Trial. Following a hearing, the WCJ denied the Motion for New Trial and signed a judgment consistent therewith on July 11, 2008.

On the day of the December 7, 2007 trial, Ms. Davis filed a new 1008 bearing OWC docket number 07-09286. In this 1008, Ms. Davis asserted that a bona-fide dispute existed with regard to the: (1) payment of incorrect compensation rate; (2) failure to authorize medical treatment recommended by

Dr. Garcia; (3) "[e]xtent and duration of disability[;]" (4) "[f]ailure to pay indemnity benefits[;]" (5) "[f]ailure to pay for medical treatment[;]" (6) "[f]ailure to provide vocational rehabilitation[;]" (7) "[f]ailure to provide treatment for fibromyalgia[;]" (8) "[p]enalties and attorney fees[;]" (9) "[l]egal interest[;]" (10) average weekly wage; and (11) "[f]ringe [b]enefits[.]" The State responded with an Exception of Res Judicata, alleging that the claims asserted in the new 1008 arose out of the same transaction or occurrence which was the subject of the April 17, 2008 judgment. The WCJ granted the State's Exception of Res Judicata, dismissed Ms. Davis' additional claims, and signed a judgment in accordance therewith on March 4, 2009.

Ms. Davis appealed both the April 17, 2008 judgment from the trial on the merits and the March 4, 2009 judgment granting the State's Exception of Res Judicata. On appeal, this court affirmed the April 17, 2008 judgment from the trial on the merits, but reversed the WCJ's grant of the State's Exception of Res Judicata,[1] finding that Ms. Davis' appellate relief had not yet been exhausted as to the April 17, 2008 judgment at the time the Exception of Res Judicata was granted. Writs were denied by our supreme court. *Id.; Davis v. State ex rel. Dep't of Transp. & Dev., Office of Risk Mgmt.*, 09-672 (La.App. 3 Cir. 11/10/09), 27 So.3d 986, *writ denied*, 10-346 (La. 6/4/10), 38 So.3d 302.

When Ms. Davis requested that OWC docket number 07-09286 be set for trial, the State filed another Exception of Res Judicata. Following a December 13,

---

[1] The appeals of the separate, final judgment were consolidated for dispositional purposes only by order of this court. Both appeals are discussed under Docket Number 09-228, which is an appeal of the merits of the claim and contains the decretal language for the merits of the claimant's suit. The decree relating to the claimant's appeal of the granting of the exception of res judicata is set forth in the companion case, *Judy Davis v. Louisiana Dep't of Transp. & Dev., et al.*, 09-672 (La.App. 3 Cir.11/10/09), 27 So.3d 986.

*Davis v. State ex rel. Dep't of Transp. & Dev., Office of Risk Mgmt.*, 09-288, p. 2 n.1 (La.App. 3 Cir. 11/10/09), 27 So.3d 969, 972.

2010 hearing, the WCJ again granted the State's Exception of Res Judicata and dismissed OWC docket number 07-09286 with prejudice. A judgment reflecting same was signed by the WCJ from which Ms. Davis now appeals.

## ISSUE

The sole issue presented by Ms. Davis for our review is: "Did the WCJ error [sic], as a matter of law, in granting [the State's] [E]xception of [R]es [J]udicata for the second time?"

## LAW AND DISCUSSION

### *Standard of Review*

"The res judicata effect of a prior judgment is a question of law that is reviewed de novo." *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, 1059, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995 (quoting *Morales v. Parish of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672). Therefore, we will conduct a de novo review of the record to determine whether the WCJ was legally correct in granting the State's Exception of Res Judicata.

### *Exception of Res Judicata*

As noted above, this court reversed the WCJ's initial grant of the State's Exception of Res Judicata and did so based on the following reasons:

> While [La.R.S.] 13:4231 generally addresses res judicata, workers' compensation cases have an even more specific reference in [La.R.S.] 23:1310.8(E) which provides that "[a] judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal[.]" Accordingly, as the initial judgment denied benefits and appellate rights had not yet been exhausted, the exception of res judicata was improperly granted. We reverse the granting of the exception of res judicata.

*Davis*, 27 So.3d 969, 977. However, the appellate rights of Ms. Davis as to the April 17, 2008 judgment on the merits have now been exhausted.

3

The elements of res judicata set forth in La.R.S. 13:4231 are as follows:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

These statutory requirements have been succinctly summarized as follows:

The peremptory exception of res judicata bars a subsequent judgment when "1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases."

*Zeno v. Flowers Baking Co.*, 10-1413, p. 6 (La.App. 3 Cir. 4/6/11), 62 So.3d 303, 307 (quoting *Jones ex rel. Jones v. GEO Group, Inc.*, 08-1276, p. 5 (La.App. 3 Cir. 4/1/09), 6 So.3d 1021, 1025).

In the instant case, Ms. Davis, in brief, "concedes, obviously, that the first three pre-requisites for the application of res judicata have been met." She argues that the fourth pre-requisite, i.e., "the same cause of action is at issue in both cases," is absent, thereby precluding a grant of the Exception of Res Judicata. *Id.*

Ms. Davis argues on appeal that the issue of her entitlement to continuing indemnity benefits and medical treatment by her treating physicians, Drs. Gunderson, Dole, and Quillan was stipulated to by the State in OWC docket number 04-09196. Consequently, unlike the issues that remained in dispute and

4

that were presented to the WCJ at the time of trial, this particular issue was not before the court and was not "actually litigated." La.R.S. 13:4231(3). We disagree.

The record of OWC docket number 04-09196 was introduced into evidence in this matter. A review of that record reveals no stipulation by the parties as Ms. Davis contends. To the contrary, the only stipulation of record was that Ms. Davis was employed by the State. This was confirmed at the trial on December 7, 2007, when the WCJ stated for the record that "the parties stipulated to employment." When counsel were asked if there were additional stipulations, they indicated that there were none.

The record further reveals that contrary to Ms. Davis' assertion, the issue of her entitlement to indemnity benefits and medical treatment with Drs. Gunderson, Dole, and Quillin was actually adjudicated. The WCJ made the following statement for the record at the opening of trial:

> Issues to be litigated by this Court will include: the nature and extent of the claimant's disability; the claimant's entitlement to weekly workers' compensation benefits; her entitlement to medical benefits; her entitlement to vocational rehabilitation; relatedness of fibromyalgia to her work injury; and[,] her entitlement to an award of penalties and attorney fees.

Consistent therewith, the judgment of April 17, 2008, specifically identifies "issues for consideration" at the time of trial to have included Ms. Davis' entitlement to indemnity benefits and medical treatment and expressly provides:

> The Court further finds that medical evidence demonstrating a causally related disability due to claimant's work accident was not presented to this Court.

For the foregoing reasons:

5

IT IS ORDERED ADJUDGED AND DECREED that claimant's request for workers' compensation benefits, as related to fibromyalgia[,] is denied;

IT FURTHER ORDERED, ADJUDGED AND DECREED that claimant's remaining requests are denied; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this matter be and is hereby dismissed with prejudice and at plaintiff's costs.

Again, in his Written Reasons for Judgment, the WCJ stated that "[m]edical evidence demonstrating a causally related disability due to claimant's work accident was not presented to this Court, and her requests are denied." Moreover, the wording of the judgment was addressed at the hearing on Ms. Davis' Motion for New Trial during which counsel sought clarification and questioned the WCJ precisely as to whether the ruling of the court included the medical treatment of Drs. Gunderson, Dole, and Quillin. The WCJ provided an explanation and made it abundantly clear that, based on the evidence, Ms. Davis was not entitled to indemnity benefits nor medical treatment, which included all medical treatment; thus, the Motion for New Trial was denied.

Based upon our review of the record, we find that there was no stipulation between the parties relative to Ms. Davis' entitlement to continuing indemnity benefits and medical treatment with Drs. Gunderson, Dole, and Quillin. Additionally, we find that this issue was before the WCJ at the time of trial, that it was actually and properly adjudicated, and that all appellate rights have now been exhausted. Therefore, we find that the WCJ was legally correct in granting the State's Exception of Res Judicata.

**DECREE**

The judgment of the Office of Workers' Compensation granting the Exception of Res Judicata in favor of the employer, State of Louisiana, Department

of Transportation and Development, and the Office of Risk Management is affirmed. We assess all costs of this appeal to Judy Davis.

**AFFIRMED.**