STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-821

HANK ALLEN MORAN

VERSUS

CAJUN WELL SERVICES, INC.
AND ZURICH AMERICAN
INSURANCE COMPANY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION -- DISTRICT 4
PARISH OF ST. LANDRY, NO. 12-07755
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Skylar Comeaux, Attorney at Law
2014 W. Pinhook Road, Suite 503
Lafayette, LA 70508
(337) 235-7888
COUNSEL FOR DEFENDANTS-APPELLANTS:
    Cajun Well Services, Inc. and Zurich American Insurance Company

Thomas J. DeJean, Attorney at Law
806 South Main Street
Opelousas, LA 70570
(337) 948-9066
COUNSEL FOR PLAINTIFF-APPELLEE:
    Hank Allen Moran

**PAINTER, Judge.**

The employer, Cajun Well Services (Cajun), and its workers' compensation insurer, Zurich American Insurance Company (Zurich), appeal the decision of the Workers' Compensation Judge, which rejected the findings of the Medical Director and ruled that certain treatment must be authorized by the employer and its insurer. The WCJ, however, denied the claim for penalties and attorney's fees by Claimant, Hank Allen Moran. Claimant answered the appeal, seeking a reversal of the denial of his claim for penalties and attorney's fees as well as attorney's fees for work done on appeal. For the reasons that follow, we affirm the decision of the WCJ and award $2,500.00 in attorney's fees to claimant for work done on appeal.

## FACTS AND PROCEDURAL HISTORY

Claimant was employed by Cajun as a derrick man. On October 13, 2011, in the course and scope of his employment, Claimant injured his lower back when he fell about three feet off of an elevated walkway.[1] He rested for a few days and then, when the pain did not subside, he went to the emergency room at Opelousas General Hospital and was referred to an orthopedist, Dr. George "Ray" Williams. He first saw Dr. Williams on November 8, 2011, and Dr. Williams requested approval for MRIs. An MRI of the thoracic spine was performed and was unremarkable. An MRI of the lumbar spine showed "degenerative disc and protrusion at L5/S1 questionable osteoporosis noted." Dr. Williams then requested approval for a bone densitometry and instructed Claimant to rest and apply ice/heat and referred him to physical therapy. In April of 2012, Dr. Williams referred Claimant to Dr. David Weir for electromyogram and nerve conduction studies (EMG/NCS) and to Dr. Steve Wyble for lumbar epidural steroid injection (LESI).

---

[1] Cajun and Zurich do not dispute that claimant was in the course and scope of his employment at the time of the alleged accident.

Claimant did have the LESI on April 14, 2012.  A few months later, in July 2012, when Claimant sought authorization for additional injections recommended by Dr. Williams, Zurich denied the request because Dr. Williams' notes indicated that "recent injection did offer relief but has 'worn off.'"  It was Zurich's position that Dr. Williams' notes evidenced that he did not find any subjective or objective improvement in Claimant's condition because of the initial injection.

Claimant sought review of the denial from the Medical Director in accordance with La.R.S. 23:1203.1.  The Medical Director reviewed the claim and, on October 24, 2012, he issued a decision denying the request for additional injections.  Claimant then sought review of the Medical Director's decision.  Following a hearing, on March 26, 2013, the WCJ issued judgment finding that Cajun and Zurich must authorize the LESI recommended by Dr. Williams but denying Claimant's demand for penalties and attorney's fees.  We affirm.

### DISCUSSION

Louisiana Revised Statutes 23:1203.1(K) provides that:

> After the issuance of the decision by the medical director of the office, any party who disagrees with the medical director's decision, may then appeal by filing a "Disputed Claim for Compensation," which is LWC Form 1008.  The decision of the medical director may be overturned when it is shown, by clear and convincing evidence, the decision of the medical director was not in accordance with the provisions of this Section.

The WCJ found that "by clear and convincing evidence . . . the medical records do establish an improvement with the three weeks without pain, and by failing to take that into consideration," the Medical Director was wrong in denying the recommended treatment.

Cajun and Zurich contend that they are entitled to a de novo review because there was no finding of fact involved and that the WCJ was merely reviewing the decision of the Medical Director and that her decision to affirm or reverse the

Medical Director's finding is a question of law. We agree. However, we do not agree with Cajun and Zurich that the WCJ misinterpreted and misapplied the law. She reviewed the Medical Director's decision and the medical records submitted by Claimant with his 1008 and found that the decision did not comply with the law. The Medical Director's decision did not include a summary of what records he reviewed to make his decision and, as noted by the WCJ, stated "no factual basis." In fact, the medical records presented indicate that the injection did provide some relief to the point that Claimant was "pain free" for three weeks after the injection. Therefore, we affirm the WCJ's determination that the LESI must be approved by Cajun and Zurich.

Claimant contends that the WCJ erred in failing to award him penalties and attorney's fees. "The applicable standard of review in determining whether a defendant should be cast with penalties and attorney fees is the manifest error-clearly wrong standard." *Rutledge v. Resource Transp.*, 08-1149, p. 2 (La.App. 3 Cir. 3/4/09), 7 So.3d 794, 795 (quoting *Bennett v. Pilgrim's Pride*, 07-753, p. 10 (La.App. 3 Cir. 12/12/07), 972 So.2d 423, 429, *writ denied*, 08-103 (La. 3/7/08), 977 So.2d 907). We find no manifest error in the WCJ's denial of penalties and attorney's fees.

Claimant has further requested that this court award attorney's fees for work done in connection with this appeal. "A workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer/insurer's unsuccessful appeal." *Nash v. Aecom Tech. Corp.*, 07-990, p. 8 (La.App. 3 Cir. 2/6/08), 976 So.2d 263, 268. Accordingly, we award claimant $2,500.00 in attorney's fees for work done in connection with this appeal.

**DECREE**

The ruling of the WCJ finding that the lumbar epidural steroid injection recommended by Claimant's treating physician must be approved by Cajun and Zurich is affirmed. We also affirm the denial of penalties and attorney's fees on the basis that it was not arbitrary and capricious for Cajun and Zurich to deny the recommended treatment because they were relying on the decision of the Workers' Compensation Administration's Medical Director. However, we award $2,500.00 in attorney's fees to Claimant for work done on appeal. All costs of this appeal are assessed to Defendants-Appellants, Cajun Well Services, Inc. and Zurich American Insurance Company.

**AFFIRMED.**