# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1411


TODD MOUTON

VERSUS

LAFAYETTE PARISH SHERIFF'S OFFICE


**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 13-03179
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE
**********

### ELIZABETH A. PICKETT
### JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**MOTION TO REMAND GRANTED.**

**Mark L. Riley**
**Glenn Armentor Corp.**
**300 Stewart St.**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Todd Mouton**

**James D. Hollier**
**Philip Henry Boudreaux, Jr.**
**NeunerPate**
**P. O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Lafayette Parish Sheriff's Office**

**PICKETT, Judge.**

Todd Mouton appeals the judgment of the workers' compensation judge (WCJ) upholding the determination of the Medical Director denying treatment. The Lafayette Parish Sheriff's Office (LPSO) has filed a Motion to Remand.

The accident at issue occurred in 2001 when Mouton was employed by the LPSO. LPSO sought a determination from the Medical Director seeking to terminate weekly massage therapy for Lt. Mouton. Lt. Mouton contested the denial of treatment. When the Medical Director denied treatment, Lt. Mouton filed a Disputed Claim for Compensation asking that the Medical Director be overruled.

Whether the procedure requiring review by the Medical Director should have been employed in this case is an open question in light of this court's *en banc* decision in *Romero v. Garan's, Inc.*, 13-482 (La.App. 3 Cir. 12/26/13), ___ So.3d ___, and the pending decision of the Supreme Court in *Cook v. Family Care Services, Inc.*, 13-108 (La.App. 3 Cir. 8/28/13), 121 So.3d 1274, *writ granted*, 13-2326 (La. 1/17/14), ___ So.3d ___ (argued before the Supreme Court on March 25, 2014). This case however, is complicated by an additional fact. Both parties in their briefs admit that a stipulation exists whereby the new guidelines and procedure would be utilized even though the injury occurred many years before the amendment of the statute. This stipulation is not included in the record before us and was not presented to the WCJ. LPSO filed their Motion to Remand to supplement the record with this agreement.

We hereby grant the Motion to Remand. On remand, the WCJ is instructed to consider the stipulation entered into between the parties, as well as the potential effect of the evolving jurisprudence.

**MOTION TO REMAND GRANTED.**