# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1411


TODD MOUTON

VERSUS

LAFAYETTE PARISH SHERIFF'S OFFICE


**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 13-03179
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE
**********
## ON REHEARING
**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Mark L. Riley**
**Glenn Armentor Corp.**
**300 Stewart St.**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Todd Mouton**

**James D. Hollier**
**Philip Henry Boudreaux, Jr.**
**NeunerPate**
**P. O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lafayette Parish Sheriff's Office**

**PICKETT, Judge.**

Lieutenant Todd Mouton appeals the judgment of the workers' compensation judge (WCJ) upholding the determination of the Medical Director denying treatment. The Lafayette Parish Sheriff's Office (LPSO) has filed a Motion to Remand.

## PROCEDURAL HISTORY

Mouton was injured in a workplace accident in 2001. Mouton has retired from the LPSO, but continues to work as a private investigator. He has received medical benefits for pain management since the accident. LPSO asked that the Medical Director terminate Mouton's weekly physical therapy/massage therapy. Mouton contested LPSO's request. After the Medical Director denied this treatment, Mouton filed a Disputed Claim for Compensation asking that the WCJ overrule the Medical Director.

In our original opinion, we remanded to the WCJ for a determination of whether the Medical Director procedure should have been employed in this case. *See Mouton v. Lafayette Parish Sheriff's Off.*, 13-1411 (La.App. 3 Cir. 5/7/14), ___ So.3d ___. On the same day, the supreme court issued its opinion in *Church Mutual Insurance Co. v. Dardar*, 13-2351, p. 24 (La. 5/7/14), 145 So.3d 271, 287-88, holding that the medical treatment guidelines and Medical Director procedures outlined in La.R.S. 23:1203.1 are procedural and "appl[y] prospectively to all requests for medical treatment and/or disputes arising out of requests for medical treatment arising after the effective date of La. R.S. 23:1203.1 and the medical treatment schedule, regardless of the date of accident." We granted Mouton's application for rehearing to consider the merits of this case.

## ASSIGNMENT OF ERROR

Mouton asserts one assignment of error:

The trial court erred in upholding the decision of the Medical Director to deny physical therapy, which the history of Lt. Mouton's treatment and Dr. Rees' request clearly shows is necessary to maintain Lt. Mouton's level of function.

## DISCUSSION

### *Standard of Review*

The first issue we must decide is what standard of review to apply. In two recent cases issued on the same date, the same panel of this court came to different conclusions about the appropriate standard of review. In *Vital v. Landmark of Lake Charles*, 13-842 (La.App. 3 Cir. 2/12/14), ___ So.3d ___, Judge Gremillion wrote an opinion concluding that the determination of the WCJ was necessarily fact-intensive, so the manifest error standard of review applied. In *Moran v. Cajun Well Services, Inc.*, 13-821 (La.App. 3 Cir. 2/12/14), ___ So.3d ___, Judge Painter concluded that there was no independent finding of fact by the WCJ. Concluding that the decision to affirm or reverse the finding of the WCJ was a question of law, the court conducted a de novo review. In both cases, the claimant sought lumbar epidural steroid injections (LESI) to relieve pain. In both cases, the Medical Director denied the request for the procedure. In both cases, the WCJ overturned the decision of the Medical Director. In both cases, this court affirmed the decision of the WCJ.

We find the WCJ's review of whether there is clear and convincing evidence that the Medical Director's determination is in contravention of the medical treatment guidelines is necessarily fact-intensive. As such, we find the appropriate standard of review is manifest error. Thus, after reviewing the record in its

entirety, we will not overturn the findings of the WCJ unless we find there is no reasonable basis to support the decision. *Jackson v. Life at Home, L.L.C.*, 09-718 (La.App. 3 Cir. 2/10/10), 30 So.3d 1147.

Mouton submitted a claim to the Medical Director for approval of physical therapy twice a week for eight weeks. According to his physical therapist, this therapy consists of massage therapy, trigger point dry needling, and high velocity low amplitude thrust (HVLAT) treatments. The records submitted to the Medical Director indicate that Mouton has had two shoulder surgeries and three cervical spine surgeries since his accident in 2001. The latest surgery was performed in 2008. Mouton was prescribed pain medicine and received nerve block injections and physical therapy to relieve upper back and shoulder pain and headaches. His pain, which was originally on his right side, has begun to migrate to his left side. In denying the request, the Medical Director stated:

> Maximum Duration of Treatment has been exceeded
>
> **<u>The MTG notes the following specific to this request:</u>**
> · Maintenance care will be based on principles of patient self-management
> · Maximal independence will be achieved through the use of home exercise programs
> · Management of pain or injury exacerbations will emphasize initiation of active therapy techniques and may occasionally require anesthetic injection blocks.

The denial also cited two sections of the Pain Medical Treatment Guidelines relevant to Mouton's case, §§2103 and 2115. Mouton appealed that decision to the WCJ, pursuant to La.R.S. 23:1203.1(K), which states:

> After the issuance of the decision by the medical director or associate medical director of the office, any party who disagrees with the decision, may then appeal by filing a "Disputed Claim for Compensation", which is LWC Form 1008. The decision may be overturned when it is shown, by clear and convincing evidence, the

decision of the medical director or associate medical director was not in accordance with the provisions of this Section.

The WCJ found that Mouton failed to show by clear and convincing evidence that the decision of the Medical Director was not in accordance with the medical treatment guidelines.

Mouton argues that the physical therapy is part of a regimen established over twelve years that enables him to function. They claim that the evidence shows that the physical therapy reduces his dependence on medication, but concedes that the physical therapy does not improve his condition. While acknowledging that the medical treatment guidelines do not contemplate passive therapy techniques this long post-accident, Mouton claims a variance should have been granted.

The medical treatment guidelines contemplate a situation where the duration of treatment is increased:

> Time frames for specific interventions commence once treatments have been initiated, not on the date of injury. Obviously, duration will be impacted by patient compliance, as well as availability of services. Clinical judgment may substantiate the need to accelerate or decelerate the time frames discussed in this document. Such deviation shall be in accordance with La.R.S. 23:1203.1.

40 La.Admin.Code § 2103(A)(3). Louisiana Administrative Code Title 40, Section 2111(C)(13) explains the medical treatment guidelines view of passive therapy:

> a. Most of the following passive therapies and modalities are generally accepted methods of care for a variety of work-related injuries. Passive therapy includes those treatment modalities that do not require energy expenditure on the part of the patient. They are principally effective during the early phases of treatment and are directed at controlling symptoms such as pain, inflammation and swelling and to improve the rate of healing soft tissue injuries. They should be used adjunctively with active therapies to help control swelling, pain and inflammation during the rehabilitation process. They may be used intermittently as a therapist deems appropriate, or

regularly if there are specific goals with objectively measured functional improvements during treatment.

b.      Factors such as exacerbation of symptoms, re-injury, interrupted continuity of care and co-morbidities may extend durations of care. Having specific goals with objectively measured functional improvement during treatment can support extended durations of care. It is recommended that if after six to eight visits no treatment effect is observed, alternative treatment interventions, further diagnostic studies or further consultations should be pursued.

The medical treatment guidelines state that the maximum duration for HVLAT is eight weeks, and the maximum duration for massage therapy is two months. 40 La.Admin.Code § 2113. For patients at maximum medical improvement, the time frame for therapy management is as follows:

8. Therapy Management. Some treatment may be helpful on a continued basis during maintenance care if the therapy maintains objective function and decreases medication use. Aggravation of the injury may require intensive treatment to get the patient back to baseline. In those cases, treatments and timeframe parameters listed in the Active and Passive Therapy sections apply.
a. Active Therapy, Acupuncture, and Manipulation maintenance duration: 10 visits in a 12-month period.

40 La.Admin.Code § 2115(B).

Both Mouton's physical therapist and his treating physician included letters in the file submitted to the Medical Director that these treatments should continue. The treatments clearly fall outside the maximum duration for either therapeutic or maintenance guidelines. The record does not support Mouton's argument that these therapies help him. At his doctor's appointment immediately following the last round of physical therapy, Mouton described pain in his left arm and neck as 6/10. He also reported headaches. Thus, we conclude that the Medical Director had sufficient reasonable basis to deny the request for continued treatment based on the applicable medical treatment guidelines.

We find the WCJ was not clearly wrong in refusing to overturn the decision of the Medical Director. The judgment of the WCJ is affirmed. Costs of this appeal are assessed to Mouton.

**AFFIRMED.**