# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**08-1276**


**HAZEL JONES, ON BEHALF OF
HER MINOR GRANDCHILDREN,
COURTLAND JONES, KAYURA JONES,
AND HILTON JONES, III**

**VERSUS**

**THE GEO GROUP, INC., FORMERLY
KNOWN AS WACKENHUT
CORRECTIONS CORPORATION,
WARDEN KENT ANDREWS, WARDEN
MICHAEL ESTES, ASSOCIATE WARDEN
BILL CRUCHER, CAPTAIN WALTER
GARNETT, SERGEANT PATRICIA
MAPEL, AND GUARD LASHONDA HALL**

************

**APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2008-226
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED.**


Joseph F. Gaar, Jr.
Jason M. Welborn
J.P. D'Albor
Post Office Drawer 2069
Lafayette, Louisiana 70502
(337) 233-3185
COUNSEL FOR PLAINTIFF/APPELLANT:
    Hazel Jones, on behalf of her minor grandchildren,
    Courtland Jones, Kayura Jones, and Hilton Jones, III

**Samuel B. Gabb**
**Loftin, Cain, Gabb & LeBlanc, L.L.C.**
**113 Dr. Michael Debakey Drive**
**Lake Charles, Louisiana 70601**
**(337) 310-4300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**The GEO Group, Inc., Kent Andrews, Mark Estes,**
**Murray Crutcher, Walter Garnett, and Patricia Mapel**


**Joseph R. Pousson, Jr.**
**Plauché, Smith & Neiset**
**1123 Pithon Street**
**Post Office Drawer 1705**
**Lake Charles, Louisiana 70602-1705**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**LaShonda Hall**

**GENOVESE, Judge.**

Plaintiff, Hazel Jones, on behalf of her minor grandchildren, Courtland Jones, Kayura Jones, and Hilton Jones, III, appeals the trial court's judgment sustaining Defendants' peremptory exception of res judicata, which dismissed Plaintiff's claims with prejudice. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a wrongful death action filed on May 12, 2008, by Hazel Jones, the mother of the deceased, Hilton Jones. Ms. Jones, on behalf of Mr. Jones' three minor children, Courtland Jones, Kayura Jones, and Hilton Jones, III, filed suit pursuant to La.Civ.Code art. 2315.2[1] against the GEO Group, Inc., formerly known as Wackenhut

---

[1]Louisiana Civil Code Article 2315.2 provides:

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
>
> > (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> > (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> > (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> > (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
>
> B. The right of action granted by this Article prescribes one year from the death of the deceased.
>
> C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
>
> D. As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.
>
> E. For purposes of this Article, a father or mother who has abandoned the deceased during his minority is deemed not to have survived him.

1

Corrections Corporation (GEO Group), the company that staffs Allen Parish Correctional Center (APCC) in Kinder, Louisiana, as well as employees of GEO Group at the time of Mr. Jones' death, namely, Warden Kent Andrews, Warden Mark Estes,[2] Associate Warden Murray Crutcher,[3] Captain Walter Garnett, Guard Lashonda Hill, and Sergeant Patricia Mapel (hereinafter collectively referred to as "Defendants"). Plaintiff's petition alleges that Defendants negligently failed to protect Mr. Jones, an inmate at APCC, from another inmate at APCC, Shavis Toby. Mr. Toby allegedly stabbed Mr. Jones to death at APCC on January 19, 2005. Plaintiff's petition seeks damages for Defendants' alleged "deliberate indifference to the health and well[-]being of [Mr.] Jones[.]"

On May 27, 2008, Defendants filed a Peremptory Exception of Res Judicata and Declinatory Exception of Lack of Subject Matter Jurisdiction. Defendants alleged that Plaintiff initially filed a federal complaint on January 13, 2006, against Defendants in the United States District Court, Western District of Louisiana, for alleged constitutional violations arising under U.S. Const. amend. VIII[4] and 42 U.S.C. § 1983.[5] According to Defendants, the district court dismissed Plaintiff's federal

---

[2]According to Defendants' Peremptory Exception of Res Judicata and Declinatory Exception of Lack of Subject Matter Jurisdiction, Plaintiff's petition incorrectly referred to Warden Mark Estes as "Warden Michael Estes."

[3]According to Defendants' Peremptory Exception of Res Judicata and Declinatory Exception of Lack of Subject Matter Jurisdiction, Plaintiff's petition incorrectly referred to Associate Warden Murray Crutcher as "Associate Warden Bill Crucher."

[4]United States Constitution Amendment VIII provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[5]In pertinent part, 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

complaint by judgment dated March 20, 2008, pursuant to a motion for summary judgment filed by Defendants. In the case at bar, Defendants' peremptory exception asserted that Plaintiff's claims must be dismissed based upon the legal doctrine of res judicata.

The trial court heard and sustained Defendants' exception of res judicata on August 6, 2008. At the conclusion of the hearing on Defendants' peremptory exception of res judicata, the trial court declared, in pertinent part:

> I don't think anyone disagrees that the same [P]laintiff[] filed suit in federal court against the same [D]efendants and under the same facts and transactions. [Plaintiff] used the 1983 and Eighth Amendment claim for the same damages [Plaintiff is] asking for in the state's [sic] suit. [Plaintiff] didn't allege the state claims of negligence under [La.Civ.Code art.] 2315 or 2315.1 [sic]. The federal suit was dismissed with prejudice in a motion for summary judgment that was filed by the [D]efendants. . . . [F]irst of all[,] it is clear that both . . . suits arise out of the same transaction[,] there is no question as to that. It is also clear from a reading of the reasons in Judge Trimble's case that the judgment was based on the merits of the case. Secondly[,] the court disagreed with the [P]laintiff's assertion that the federal court did not have pendent jurisdiction over the state claim in this matter. Pendent jurisdiction exists when there is a valid federal claim and the relationship between the federal claim and the state claim is such that they derive from a common nucleus of operative facts so that if considered without regard to their federal or state character [P]laintiff would have ordinarily be[en] expected to try them all in one judicial proceeding. And both of them arise out of the same set of facts. So, it is clear that there is pendent jurisdiction. So, lastly[,] we have to look at whether or not the federal court would have declined to exercise that pendent jurisdiction over the admitted state claims. And it is true that it is a doctrine of discretion, and that the federal courts have great latitude in deciding whether or not to exercise it. And . . . they look at judicial economy, convenience, fairness[,] and comity. The case at hand, I don't think it contains exceptional facts. I don't see it that way. And just like in [*Reeder v. Succession of Palmer*, 623 So.2d 1268 (La.1993), *cert. denied*, 510 U.S. 1165, 114 S.Ct. 1191 (1994)], the federal court is the only for[um] . . . where all of the claims could have been resolved. It is not enough, just like [*Reeder*] said, that the federal court had the power to decline or that it possibly or probably would have declined. It must be clearly shown. And I don't think that is the case here. I don't think it is clearly shown that they would have declined. So, I'm going to grant the [e]xception of [res judicata], and this matter is dismissed.

3

A judgment to this effect was signed by the trial court on August 18, 2008.[6] It is from this judgment that Plaintiff appeals.

## ASSIGNMENT OF ERROR

In her sole assignment of error, Plaintiff argues that "[t]he trial court erred in granting the exception of *res judicata*, in favor of [D]efendants/[A]ppellees, and determining that the Honorable James Trimble, and the U.S. District Court for the Western District, could have exercised pendent jurisdiction, over the [s]tate law claims, filed in the [s]tate [c]ourt action."

## LAW AND DISCUSSION

The standard of review of a ruling sustaining an exception of res judicata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties. *State ex rel. Sabine River Auth. v. Meyer & Assocs. Inc.*, 07-214, 07-215 (La.App. 3 Cir. 10/3/07), 967 So.2d 585. Such is the case in the instant matter.

Plaintiff claims that the trial court erred in holding that the present action was barred by the doctrine of res judicata. In brief, Plaintiff asserts:

> After the dismissal of the [f]ederal court case, Ms. Jones filed a [s]tate [c]ourt action, asserting the wrongful death and negligence claims against the same [D]efendants. These wrongful death claims were the stand[-]alone claims, belonging to the children of the decedent, Hilton Jones, and were not symbiotic claims for violations of Mr. Jones' civil rights. In other words, these were stand[-]alone suits, based upon the rights created by Louisiana law, for the benefits of the direct heirs and descendants of the deceased. By contrast, the [f]ederal question jurisdiction over the [42 U.S.C. § 1983 and U.S. Const. amend. VIII] claims[] were symbiotic rights of the children, based upon those rights owed to the deceased himself. This distinction would become critical

---

[6]The judgment did not contain the trial court's disposition of Defendants' exception of lack of subject matter jurisdiction; thus, the exception of lack of subject matter jurisdiction is presumed to have been denied by the trial court, and said denial has not been appealed nor is it before this court for review. *See M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371 (La. 7/1/08), 998 So.2d 16.

4

in an analysis of the application of the bodies of law, controlling the filing of [s]tate [c]ourt petitions.

Defendants contend that the trial court correctly relied upon *Reeder*, 623 So.2d 1268, when it sustained their peremptory exception of res judicata and dismissed Plaintiff's state court claims. We agree.

The analysis for a peremptory exception of res judicata is well-settled:

> The courts of this state have repeatedly confirmed that federal law is applicable to consideration of whether a federal court judgment has res judicata effect. See *Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 95-0654 (La.1/16/96), 666 So.2d 624; *Reeder v. Succession of Palmer*, 623 So.2d 1268 (La.1993); *Bobby and Ray Williams P'ship, L.L.P. v. Shreveport Louisiana Hayride Co., L.L.C.*, 38,866 (La.App. 2 Cir. 9/22/04), 882 So.2d 676, *writ denied*, 04-2636 (La.12/17/04), 888 So.2d 875; *McCollough v. Dauzat*, 98-1293 (La.App. 3 Cir. 3/3/99), 736 So.2d 914. As explained in *Terrebonne Fuel & Lube*, 666 So.2d at 633, federal res judicata law indicates that a judgment bars a subsequent suit if the following requirements are satisfied: "1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases." There are, however, exceptions to the law of res judicata. *Id*. Namely, the law of res judicata may be inapplicable if there is an express reservation of a claim that the defendant acquiesces in or if the court in the first action expressly reserves the plaintiff's right to pursue a subsequent action. *Id*.

*Green v. Iberia Parish Sch. Bd.*, 06-1060, p. 3 (La.App. 3 Cir. 12/20/06), 945 So.2d 940, 943, *writ denied*, 07-111 (La. 3/16/07), 952 So.2d 697.

We have reviewed Plaintiff's petition in this case in light of the filings contained in the record related to Plaintiff's federal court suit against Defendants. We find that all of the elements necessary for the application of res judicata are, in fact, present. Plaintiff's federal and state suits involved the same parties. The prior judgment was a final judgment and was rendered by a court of competent jurisdiction. Finally, the death of Mr. Jones is at issue in both cases. Therefore, we find no manifest error in the trial court's determination that the federal court's judgment bars

Plaintiff's present state court case by virtue of the legal doctrine of res judicata.

**DECREE**

For the foregoing reasons, we affirm the judgment of the trial court sustaining Defendants' peremptory exception of res judicata. All costs of these proceedings are assessed against Plaintiff/Appellant, Hazel Jones, on behalf of her minor grandchildren, Courtland Jones, Kayura Jones, and Hilton Jones, III.

**AFFIRMED.**