MARC E. JOHNSON, Judge.
 

 |2The Plaintiff, Jefferson Marine Towing, Inc., appeals a judgment in a suit on open account that granted a peremptory exception of
 
 res judicata
 
 to the Defendant, Kostmayer Construction, L.L.C. We affirm.
 

 In January of 2005, the Plaintiff was hired by the Defendant to tow one of its work cranes to a job site in Texas. The tow began in Baton Rouge, Louisiana. The MW MISS ENOLA was the tow vessel, and it was moving the BARGE OU701, which the Defendant leased to carry its crane. On the way, the trip was interrupted when the crane struck a bridge over the Atehafalaya River causing the crane and other equipment to fall into the water. The crane was not usable after, but the barge was later transported back to the
 
 *258
 
 Defendant’s shipyard in Belle Chase, Louisiana. The Defendant then had to send another crane/barge to Texas. Again, the Plaintiff operated the tow. After the Texas job was completed, the Plaintiff towed the crane/barge back to its yard, as originally contemplated by the parties.
 

 |3As a result of the damage to the crane, the Defendant filed a suit in federal court against the Plaintiff for negligence and/or breach of contract. Several other parties intervened. The Plaintiff did not counterclaim for towage fees. The case was subsequently settled.
 

 In October of 2007, the Plaintiff filed a petition on open account demanding the towage fees for the second voyage. The petition asserts that the Defendant is indebted to the Plaintiff for towing services performed on or about February 1, 2005.
 
 [1]
 
 The Defendant responded with a peremptory exception of
 
 res judicata,
 
 alleging that the Plaintiff failed to assert this claim in a previously litigated action between the parties in federal court that was ultimately settled.
 

 After a hearing in July of 2008, the trial judge allowed the Plaintiff to amend the petition, as there was some question as to whether the second tow vessel was a proper party. In the amended petition, the Plaintiff asserts it is appearing solely as the marine towage broker for the M/V MADAM ROSE, the second towing vessel, and its owner, Madam Rose, Inc.
 

 In February of 2009, a second hearing was held on the exception. On March 2, 2009, the trial judge rendered a judgment sustaining the exception and dismissed the Plaintiffs petition. In oral reasons for judgment at the hearing in February, the trial judge found that the towing contract was between Jefferson Marine and the Defendant, rather than the M/V MADAM ROSE, and that the cost of the towage for the second voyage would have been a factor in the federal case as an element of damages. He concluded the Plaintiff should have filed a compulsory counterclaim in the federal suit. In addition, he found no privity of contract between the Defendant and any of the other parties that intervened in the federal suit.
 

 14 On appeal, the Plaintiff asserts that the trial judge erred in failing to apply the Louisiana law of
 
 res judicata,
 
 and in particular,
 
 Burguieres v. Pollingue,
 
 02-1385 (La.2/25/03), 843 So.2d 1049. It also contends that the trial judge erred in determining that the services provided by the M/V MADAM ROSE were a part of the original agreement between the parties, and thus was required to be raised in a compulsory counterclaim in the federal lawsuit.
 

 In
 
 Burguieres,
 
 the Court held that, for
 
 res judicata
 
 to apply, there must be identity of parties, however, that does not mean the physical identity, but that the parties must appear in the same capacity in both suits.
 

 Here, the Plaintiff claims that it appears in the capacity solely as the broker to collect the fee for the M/V MADAME ROSE’s towing services, whereas in the federal suit, it was sued for the damages caused by an allision, a marine collision between a moving vessel and its tow and a fixed object. It argues that all of the damages to the crane are related to the actions of the M/V MISS ENOLA, not the M/V MADAM ROSE. In regard to the capacity issue, the Plaintiff also cites
 
 Claussen v. Hofmann,
 
 06-560 (La.App. 5 Cir. 11/28/06), 947 So.2d 76.
 

 Furthermore, the Plaintiff contends that this claim does not arise out of the same
 
 *259
 
 transaction or occurrence as the federal suit. It contends that the original contract involving the first vessel terminated when the crane struck the bridge and fell into the water. This claim, on the other hand, arose when the Defendant hired it to undertake the second voyage, which then became a separate obligation.
 

 In response, the Defendant contends the trial judge correctly found that this claim is subject to the federal law on
 
 res judicata
 
 and compulsory counterclaims. Under those requirements, the Plaintiff had to raise all issues arising from the accident, and the towing costs would have been an element of the Defendant’s damages in the federal case. It argues that the only reason the M/V MADAM | ¿ROSE became involved was because of the Plaintiffs negligence in causing the damages that interrupted the original voyage.
 

 The preclusive effect of a prior federal court judgment is controlled by federal
 
 res judicata
 
 rules.
 
 Paradise Village Children’s Home, Inc. v. Liggins,
 
 38,926, p. 7 (La.App. 2 Cir. 10/13/04), 886 So.2d 562, 568, writ den., 05-0118 (La.2/4/05), 893 So.2d 884;
 
 Ellis v. Amex Life Ins. Co.,
 
 211 F.3d 935, 937 (C.A.5 2000).
 
 See Agrilectric Power Partners, Ltd. v. General Electric Co.,
 
 20 F.3d 663, 664 (5th Cir.1994);
 
 Steve D. Thompson Truckivig, Inc. v. Dorsey Trailers, Inc.,
 
 870 F.2d 1044, 1045 (5th Cir.1989).
 

 Res judicata
 
 ensures the finality of judgments. Under federal law, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.
 
 Paradise,
 
 38,926 at 7, 886 So.2d at 568. Thus, when a final judgment has been entered on the merits, it is final as to the claim or demand in controversy, and precludes parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.
 
 Paradise,
 
 38,926 at 7, 886 So.2d at 568;
 
 Nevada v. United States,
 
 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983).
 

 The
 
 res judicata
 
 effect of a prior judgment is a question of law that is reviewed de novo.
 
 Test Masters Educational Services, Inc. v. Singh,
 
 428 F.3d 559, 571 (5th Cir.2005), cert. den., 547 U.S. 1055, 126 S.Ct. 1662, 164 L.Ed.2d 397 (2006).
 

 The federal rule of
 
 res judicata
 
 encompasses two separate, but linked, pre-clusive doctrines: (1) true
 
 res judicata
 
 or claim preclusion and (2) collateral | (¡estoppel or issue preclusion.
 
 Id.; St. Paul Mercury Ins. Co. v. Williamson,
 
 224 F.3d 425, 436 (5th Cir.2000) (internal citation omitted). Claim preclusion, or
 
 res judicata,
 
 bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.
 
 Test Masters,
 
 428 F.3d at 571.
 

 The test for
 
 res judicata
 
 has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.
 
 Id.
 

 In order to determine whether both suits involve the same cause of action, this Court uses the transactional test.
 
 Test Masters,
 
 428 F.3d at 571. Under the transactional test, a prior judgment’s pre-clusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original ac
 
 *260
 
 tion arose.
 
 Id.
 
 “What grouping of facts constitutes a ‘transaction’ or a ‘series of transactions’ must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties’ expectations or business understanding or usage.”
 
 Test Masters,
 
 428 F.3d at 571. The critical issue is whether the two actions are based on the “same nucleus of operative facts.”
 
 Id.
 

 Under the federal law of
 
 res judi-cata,
 
 a person may be bound by a judgment, even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.
 
 Aerojet-General Corp. v. Askew,
 
 511 F.2d 710, 719 (C.A. 5 (Fla.)1975).
 

 In addition, Federal Rules of Civil Procedure require a defendant to plead any counterclaim which “arises out of the transaction or occurrence that is a subject matter of the opposing party’s claim and does not require for its | adjudication the presence of third parties of 'whom the court cannot acquire jurisdiction.” F.R.C.P. Rule 13(a). The failure to file a compulsory counterclaim in federal court will bar future litigation of a claim.
 
 Baker v. Gold Seal Liquors, Inc.,
 
 417 U.S. 467, 469, 94 S.Ct. 2504, 2506, n. 1, 41 L.Ed.2d 243 (1974);
 
 Mesker Bros. Iron Co. v. Donata Corp.,
 
 401 F.2d 275, 279 (4 Cir.1968).
 

 The test for whether a claim is compulsory is: (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether
 
 res judicata
 
 would bar a subsequent suit on defendant’s claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiffs claim as well as the defendant’s counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. An affirmative answer to any of the four questions indicates the claim is compulsory.
 
 Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.,
 
 79 F.3d 480, 483 (5th Cir.1996). See also,
 
 Air Liquide America, L.P. v. Process Service Corp.,
 
 2004 WL 325143, *2 (E.D.La.2004) [Not Reported in F.Supp.2d.]
 

 The evidence shows that the Defendant contracted directly with the Plaintiff to provide towage for both the first and second barges, and not the individual vessels. Furthermore, the Plaintiff and the M/V MADAME ROSE are connected “in time, space, origin, or motivation,” such that they “form a convenient trial unit,” and their treatment as a unit conforms to the parties’ expectations or business understanding or usage. See,
 
 Test Masters,
 
 428 F.3d at 571. Thus, the Plaintiffs capacity did not change from the federal suit. It was, and is, the broker in both lawsuits. Furthermore, the towage fees would have been an element of the Defendant’s damages in the federal case since the costs arose directly from the |sallision which interrupted the first journey. Thus, we find that the Plaintiff should have brought a counterclaim in the federal lawsuit.
 

 Accordingly, the judgment granting the exception of
 
 res judicata
 
 is affirmed. Costs of the appeal are to be paid by the Appellant.
 

 AFFIRMED.
 

 [1]
 

 . The amount allegedly owed is $46,337.45.