STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1210

MICHAEL FOGLEMAN, ET AL.

VERSUS

MEAUX SURFACE PROTECTION, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20073865
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Jimmie C. Peters, Judges.

REVERSED AND REMANDED.

Maria Nan Alessandra
Phelps Dunbar, L.L.P.
365 Canal St., Suite 2000
New Orleans, LA 70130-6534
(504) 566-1311
Counsel for Defendant/Appellee:
Meaux Surface Protection, Inc.

Lawrence Goode Pugh III
Pugh, Accardo, Haas, et al.
1100 Poydras, Ste 3200
New Orleans, LA 70163-1132
(504) 799-4533
Counsel for Plaintiff/Appellant:
Michael Fogleman
Charles Kotrla

**William W. Sentell**
**Pugh, Accardo, Hass, et al.**
**1100 Poydras St., Suite 3200**
**New Orleans, LA 70163-1163**
**(504) 799-4500**
**Counsel for Plaintiff/Appellant:**
**Michael Fogleman**
**Charles Kotrla**

**Brandon E. Davis**
**Phelps, Dunbar, LLP**
**365 Canal St., Suite 2000**
**New Orleans, LA 70130-6534**
**(504) 566-1311**
**Counsel for Defendant/Appellee:**
**Meaux Surface Protection, Inc.**

**SAUNDERS, Judge.**

This is a case involving whether a claim for a bonus due under an employment contract was barred by the res judicata effect of a prior federal court judgment that awarded the former employer damages due to the former employees' breach of fiduciary duty. The trial court granted the former employer's exception. We reverse.

**FACTS AND PROCEDURAL HISTORY:**

Michael Fogleman and Charles Kotrla (collectively appellants) were employees at Meaux Surface Protection, Inc. (Meaux) under an employment contract. After appellants resigned from Meaux, they started a competing business wherein they solicited employees and clients from Meaux.

In Texas, Meaux filed suit for damages against appellants for breach of fiduciary duty.[1] Judgment was reached by a Texas Federal District Court on February 24, 2009, that awarded Meaux $1,430,000.00 in damages for breach of fiduciary duty.

On July 23, 2007, appellants filed a petition for unpaid wages in the 15th Judicial District Court in Lafayette Parish, Louisiana. Appellants alleged in that petition that Meaux owed them wages and bonuses under an employment contract. On June 15, 2010, Meaux filed an exception of res judicata. After hearing argument from counsel at a hearing on the merits of the exception, the trial court maintained Meaux's exception. Thereafter Meaux entered into evidence a portion of the record from the Texas litigation. The trial court signed a judgment dismissing appellants' petition with prejudice on June 28, 2010. Appellants have appealed, alleging a single assignment of error.

**DISCUSSION OF THE MERITS:**

Appellants contend that "the trial court erred in its application of the doctrine

_____

[1] We do not include the date this petition was filed, nor whether it was originally filed in Texas state or federal court, as the petition/complaint is not in the record.

of *res judicata* to the facts of this case." We agree.

"The standard of review of a ruling sustaining an exception of res judicata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties." *Jones ex rel. Jones v. GEO Group, Inc.*, 08-1276, p. 4 (La.App. 3 Cir. 4/1/09), 6 So.3d 1021, 1024. Appellants argue that the standard of review applicable is de novo because, while the exception was raised prior to the case being heard and Meaux submitted evidence, they submitted no evidence. Thus, according to appellants, evidence was not "received from both parties." *Id.* We are not swayed by this argument. The trial court received no evidence from appellants because they chose not to submit any, not because of a lack of opportunity to do so.

However, appellants correctly point out that the manifest error standard of review is only applicable to questions of fact. *See Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990). Here, the trial court did not express any factual determinations in reaching its judgment. It opined that the res judicata effect of the previous judgment rendered in the Texas litigation barred appellants' suit against Meaux. "The res judicata effect of a prior judgment is a question of law that is reviewed de novo." *Morales v. Parish of Jefferson*, 10-273 (La.App. 5 Cir. 11/9/10), __ So.3d ____, *citing Jefferson Marine Towing, Inc. v. Kostmayer Const., LLC*, 09-310, p. 5 (La.App. 5 Cir. 1/26/10), 32 So.3d 255, 259, *writ denied*, 10-378 (La. 4/23/10), 34 So.3d 265. Therefore, we will conduct a de novo review to determine whether the trial court was legally correct in finding that Meaux's judgment barred appellants' suit due to its res judicata effect.

Federal law is applicable when a determination is made of what res judicata

2

effect, if any, a federal judgment has on a subsequent litigation. *Jones ex rel. Jones*, 6 So.3d 1021; *Green v. Iberia Parish Sch. Bd.*, 06-1060 (La.App. 3 Cir. 12/20/06), 945 So.2d 940, *writ denied*, 07-111 (La. 3/16/07), 952 So.2d 697; *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 95-654, 95-671 (La. 1/16/96), 666 So.2d 624.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414 (1980). "[A]ny judgment under federal res judicata law, bars a subsequent suit if all of the following tests are satisfied: 1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases. *Terrebonne Fuel & Lube, Inc.*, 666 So.2d at 633, *citing Matter of Baudoin*, 981 F.2d 736 (5th Cir.1993); *Eubanks* [*v. FDIC*, 977 F.2d 166 (5th Cir.1992)].

There is no disagreement that the parties are the same in both litigations, that the Texas federal court which rendered the Texas judgment was competent, and that the Texas judgment was a final judgment on the merits. Thus, the only question we must answer is whether "the same cause of action is at issue in both" the Texas litigation and the litigation before us. *Id.*

The United States Fifth Circuit, in *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.2005), *cert. denied*, 547 U.S. 1055, 126 S.Ct. 1662 (2006) (citations, internal quotations, and parentheticals omitted), discussed the proper test used by federal courts in determining whether two suits involve the same cause of action when it stated:

> In order to determine whether both suits involve the same cause of action, this Court uses the transactional test. Under the transactional

3

test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a transaction or a series of transactions must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred. The critical issue is whether the two actions are based on the same nucleus of operative facts.

Appellants first argue that Meaux's failure to include the entire record from the Texas litigation is fatal to Meaux's exception of res judicata. They base their argument on *Union Planters Bank v. Commercial Capital Holding Corp.*, 04-871 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, where our first circuit reversed a trial court's grant of an exception of res judicata because the party pleading res judicata failed to introduce any of the prior litigation's record. The court reasoned that the party pleading res judicata could not meet its burden of proof on the exception, as the record before it had no evidence of the first suit. Thus, the excepting party failed to show that the pending matter had ever been adjudicated.

Contrary to appellants' contention, the *Union Planters Bank* court did not conclude that the entire record from the first suit *must* be included at the hearing on the exception of res judicata. It merely found that the excepting party failed to carry its burden of proof due to a complete absence of evidence in the record of what was allegedly previously adjudicated. Clearly, a party pleading res judicata cannot succeed without any evidence of what was adjudicated. However, the record before us includes part of the previous litigation, including the judgment which is under consideration on this appeal. Thus, we are not persuaded by appellants' argument.

4

The record before us does not include the petition/complaint filed by Meaux against appellants in the Texas litigation. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that *were or could have been raised* in that action." *Allen v. McCurry*, 449 U.S. at 94 (emphasis added). Here, without the petition/complaint, we are severely hindered in making a determination whether the issues raised by appellants' Louisiana litigation "were or could have been raised" in the Texas litigation at the time the complaint was filed. *Id.*

As such, we would be justified in finding that this absence is fatal to Meaux's exception. However, such a bright-line rule is not necessary. Rather, we will conduct a review using the record that we do have before us to determine, as fully as possible under the circumstances, whether the two litigations share an operative fact nucleus.

In reviewing the record, we find several differences between the two litigations. The relevant time frame for the Louisiana litigation is during appellants' employment with Meaux. This is different from the Texas litigation where the relevant time frame is after appellants ceased working for Meaux. The Louisiana litigation originated from employer/employee contracts between Meaux and appellants. The Texas litigation originated from a breach of duty appellants owed to Meaux. The motivation of the Louisiana litigation for appellants is to collect wages for work performed. The motivation of the Texas litigation was for Meaux to collect damages for the harm it suffered.

The evidence for either party to succeed in the actions against the other is also different. In the Louisiana litigation, appellants must show that they performed their work under the terms of the employment contract and Meaux did not pay them for

5

that work, thus breaching the contract. In the Texas litigation, Meaux showed that appellants had a duty to it, appellants breached that duty, and it suffered damages because of that breach. Finally, we note that it is not necessary for appellants to convince the trial court that the Texas judgment was in error in order for them to recover from Meaux.

Given the above, we find that the trial court committed legal error in granting Meaux's exception of res judicata. The factual scenarios at the heart of the two litigations are not parallel. The central transaction or series of transactions in the Texas litigation was appellants quitting, forming a competing business, and breaching a fiduciary duty they owed to Meaux by taking Meaux's other employees and clients. The central transaction or series of transactions in the Louisiana litigation is the contract of employment, the work performed under the terms of the contract, and the alleged breach by Meaux of that contract by failing to pay appellants a bonus that they allegedly earned. Accordingly, we reverse the trial court and remand the case for further proceedings consistent with this opinion.

**DECREE:**

Michael Fogleman and Charles Kotrla raised a single assignment of error, that the trial court erred in maintaining Meaux Surface Protection, Inc.'s exception of res judicata. We find merit to this assignment. As such, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion. All costs of this appeal are taxed to Meaux Surface Protection, Inc.

**REVERSED AND REMANDED.**

6