# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-969


**BELINDA LAYSSARD STOKES**

**VERSUS**

**DORIS BARNHART LAYSSARD**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 251,190
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and David Kent Savoie, Judges.


**AFFIRMED.**

**William M. Ford**
**Attorney at Law**
**P. O. Box 12424**
**Alexandria, LA 71315-2424**
**(318) 442-8899**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Doris Barnhart Layssard**

**William Alan Pesnell**
**The Pesnell Law Firm, APLC**
**P. O. Box 1794**
**Shreveport, LA 71166-1794**
**(318) 226-5577**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Belinda Layssard Stokes**

**SAUNDERS**, **Judge**

This is an appeal from a judgment granting the exceptions of res judicata and prescription in favor of defendant, Doris Barnhart Layssard (hereinafter "Layssard"), against plaintiff, Belinda Layssard Stokes (hereinafter "Stokes"). For the following reasons, we affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

Layssard was married to Walter Layssard. The couple had seven children, including Stokes. The couple owned a tract of land in Rapides Parish; an undivided interest in the tract is the subject of the instant dispute. Mr. Layssard died in 1978, and was survived by his wife and their children. Stokes inherited an undivided $1/14^{th}$ interest in the subject property, and Layssard inherited the marital usufruct. Although now divorced, when Layssard married again, she lost the marital usufruct over Mr. Layssard's share of the community property.

One of the children transferred his interest in the property to Layssard. Thereafter, on January 10, 2005, the other six Layssard children, including Stokes, purportedly signed a document donating their respective interests in the property to Layssard. On June 19, 2012, Stokes challenged the validity of the January 10, 2005 transfer, alleging that the donation had not been properly confected, on the grounds that the document was not actually signed in the presence of the notary and two witnesses and, further, that she did not understand the nature of the transaction.

After a bench trial, the trial court found that Stokes had not met her burden of proof and, on September 6, 2013, issued written reasons for denying Stokes' claims. Formal judgment followed on October 1, 2013. Stokes appealed, and the judgment of the trial court was affirmed. *Stokes v. Layssard*, 14-45 (La.App. 3 Cir. 6/11/14), 140 So.3d 1258.

On September 30, 2013, Stokes' counsel, by written letter to counsel for Layssard, requested that Stokes' interest in the property be returned to her on the grounds that she was destitute and in necessitous circumstances. Layssard allegedly refused and, on October 2, 2014, Stokes filed a petition to revoke the January 10, 2005 donation on the grounds of ingratitude, asserting that, "since the events that gave rise" to the prior litigation, she had been homeless and relying on friends for support. On October 20, 2014, Layssard filed exceptions of prescription of five years, res judicata, no right of action, no cause of action, and, alternatively, vagueness and ambiguity. On December 29, 2014, Layssard filed an exception of prescription of one year. Following a hearing, the trial court denied the exceptions of no right of action, no cause of action, and res judicata, sustained the exceptions of prescription and res judicata by preclusion and found the exceptions of vagueness and ambiguity moot. Stokes appeals from the judgment sustaining the exceptions of prescription and preclusion by judgment.

**ASSIGNMENTS OF ERROR**

Stokes asserts the trial court erred in:

1. sustaining the exception of prescription of one year;

2. sustaining the exception of res judicata by preclusion; and

3. finding that the cause of action asserted in the instant matter existed at the time of the first suit and arose out of the same transaction of occurrence as the first suit.

**STANDARD OF REVIEW**

On appeal, when evidence has been submitted on an exception of prescription, an appellate court reviews the trial court's judgment on the exception for manifest error. *Noel v. Noel*, 15-37 (La.App. 3 Cir. 5/27/15), 165 So.3d 401, *writ denied sub nom. Noel, Jr. v. Noel, Sr.*, 15-1121 (La. 9/18/15), 178 So.3d 147.

2

Because it is a question of law, an appellate court reviews the trial court's determination as to "[t]he res judicata effect of a prior judgment" de novo. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, 1059, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995 (quoting *Morales v. Parish of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 54 So.3d 669, 672).

**ASSIGNMENT OF ERROR NUMBER ONE**

In her first assignment of error, Stokes asserts that prescription on her claim of revocation for ingratitude, based on Layssard's refusal to return the subject property back to Stokes, did not begin running until after Layssard rejected Stokes' September 6, 2013 return request. In support of this assertion, she argues in brief that she could not have requested the return of the property while the first suit was pending because she thought she owned the property because the donation was null, that the act of ingratitude had not occurred until then, and further, that to conclude otherwise would require her "to read minds and tell the future." For the following reasons, we disagree.

As we explained in *Erikson v. Feller*, 04-1033, p. 4 (La.App. 3 Cir. 12/8/04), 889 So.2d 430, 432-33 (alteration in original):

> A defining element of the inter vivos donation is that it must be made "at present and irrevocably[.]" La.Civ.Code art. 1468. However, the Louisiana Civil Code does allow for the revocation of an inter vivos donation for four express causes, one of which is ingratitude. La.Civ.Code art. 1559.4 Ingratitude is specifically defined in La.Civ.Code art. 1560 to include only three instances: "1. If the donee has attempted to take the life of the donor; 2. If he has been guilty towards him of cruel treatment, crimes or grievous injuries; 3. If he has refused him food, when in distress."

Although the Civil Code articles pertaining to ingratitude have been renumbered and the third ground has been removed from La.Civ.Code 1560, the substance of the law concerning the first two grounds has not changed. La.Civ.Code art. 1557, comment (a). "An action of revocation for ingratitude shall

3

be brought within one year from the day the donor knew or should have known of the act of ingratitude." La.Civ.Code art. 1558. In the instant matter, the petition alleging ingratitude was filed on October 1, 2014. Therefore, the alleged act of ingratitude must have occurred on or after October 1, 2013 to be considered timely.

The petition to nullify the donation was filed on June 19, 2012, in which Stokes alleged that she had been homeless, in necessitous circumstances, and was relying on friends for support since the donation. Layssard filed an answer to the petition on August 2, 2012, putting Stokes on notice that she intended to defend the donation. Clearly, Layssard's notice of her intent to defend the suit was sufficient to put Stokes on notice that Layssard had no intention of returning the land to her. Therefore, we find that Stokes knew or should have known of the alleged ingratitude, that is, that Layssard would not return the land to her, despite her purported need, on August 2, 2012. Thus, we find that Stokes' should have filed her petition no later than August 2, 2013, and that her claim for ingratitude, on the grounds that Layssard would not return the property to her despite her need, had prescribed at the time she filed the instant suit. Therefore, we find that the trial court did not err in sustaining Layssard's exception of prescription.

**ASSIGNMENTS OF ERROR NUMBER TWO AND THREE**

Because they address common issues, we address Stokes' second and third assignments of error together. In these assignments of error, Stokes asserts that the trial court erred in sustaining the exception of res judicata by preclusion. In support of this assignment, she asserts that the cause of action for ingratitude did not exist at the time she filed her first suit and, further, that the cause of action in the instant suit did not arise from the same transaction or occurrence as the prior suit. For the following reasons, we find these assignments of error to lack merit.

4

Louisiana Civil Code Article 425 provides that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Article 425 is read *in pari materia* with the res judicata statute, La.R.S. 13:4231. *Spires v. State Farm Mut. Auto. Ins. Co.*, 08-573 (La.App. 3 Cir. 11/5/08), 996 So.2d 697, *writ denied*, 08-2871 (La. 2/6/09), 999 So.2d 783.

> Res judicata is an issue and claim preclusion device which prohibits relitigation of matters which were litigated or *could* have been litigated in a prior suit. Louisiana Revised Statute 13:4231 enumerates the specific circumstances under which a valid and final judgment will preclude a party from raising a claim or issue in a subsequent proceeding.

*Walker v. Howell*, 04-246, p. 3 (La.App. 3 Cir. 12/15/04), 896 So.2d 110, 112 (emphasis added). Louisiana Revised Statutes 13:4231 provides, in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>     . . . .
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

> Our court has previously explained:

> Technically, both claim and issue preclusion are termed *res judicata* under our law. However, there is a distinction given in *Hudson v. City of Bossier*[, 33,620, p. 7 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, 743, *writ denied*, 00-2687 (La. 11/27/00), 775 So.2d 450]:
>> Under claim preclusion, a final judgment on the merits precludes the parties from relitigating matters that were or *could have been raised* in that action. . . .
>> Thus, unlike issue preclusion, claim preclusion is much broader, encompassing a prohibition against relitigation of those matters which, not only, were litigated but, also, of those which *could* have been litigated. "The purpose of both federal and state law on res judicata is essentially the same; to promote judicial efficiency and final resolution of disputes by preventing needless re-litigation."

*Williams v. City of Marksville*, 02-1130, pp. 2-3 (La.App. 3 Cir. 3/5/03), 839 So.2d 1129, 1131 (footnotes omitted). Importantly, "[f]or res judicata to apply, the cause or causes of action asserted in the second suit must have existed at the time of final judgment in the first litigation." *Burguieres v. Pollingue*, 02-1385, p. 12 (La. 2/25/03), 843 So.2d 1049, 1056.

In the instant matter, there is no dispute that the parties are the same. The first suit was an action to annul the donation of the property to Layssard on the grounds that the form of the donation was invalid. In the second suit, Stokes attempted to revoke the donation on the grounds of ingratitude. Both claims concern an attempt to have the same property returned to Stokes and arise out of Layssard's refusal to return the property at issue to Stokes. Thus, they arise out of the same transaction or occurrence. Additionally, for the reasons articulated in our analysis of assignment of error number one, we find that the cause of action to revoke the donation on the grounds of ingratitude existed and should have been known by Stokes on August 2, 2012. Final judgment in the first suit was rendered on October 1, 2013. Thus, we conclude that the cause of action asserted in the instant matter existed, and should have been brought, at the time final judgment in the first suit was rendered. Therefore, we find that the trial court did not err in sustaining Layssard's exception of res judicata on the grounds that the claims were precluded and affirm the judgment of the trial court on this issue.

**CONCLUSION**

For the above reasons, we find that the trial court did not err in sustaining Layssard's exceptions of prescription and res judicata and affirm the judgment of

6

the trial court in all respects. All costs of this appeal are assessed to plaintiff, Belinda Layssard Stokes.

**AFFIRMED.**