# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-327


RACHELLE MARIE BLANCHARD

VERSUS

BYRON KURT DESHOTELS


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 91232
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

**CLAYTON DAVIS**
**JUDGE**

**********

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.


**AFFIRMED.**

**Diane A. Sorola, APLC**
**402 W. Convent Street**
**Lafayette, Louisiana 70501**
**(337) 234-2355**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Byron Kurt Deshotels**

**Michael John Daspit**
**Daspit Law Office, APLC**
**107 E. Claiborne Street**
**St. Martinville, Louisiana 70582**
**(337) 394-3290**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Rachelle Marie Blanchard**

**DAVIS, Judge.**

The trial court found a prenuptial agreement between wife, Rachelle, and husband, Kurt, valid, thus creating a separation of property regime for their marriage. Eighteen months after this ruling, Rachelle requested a trial date on her motion for declaratory judgment that the agreement was not enforceable. Rachelle argued that the trial court's earlier ruling addressed only the agreement's validity as to form and not the agreement's enforceability. Kurt filed an exception of res judicata which the trial court sustained. Rachelle appeals this ruling.

## STANDARD OF REVIEW

The standard of review is de novo when the question is whether a prior judgment had a res judicata effect on a subsequent judgment. *Strenge v. ABC Insurance Co.*, 24-182 (La.App. 3 Cir. 11/27/24), ___ So.3d ___ (2024 WL 4903053). The test for res judicata requires four findings: 1) the parties are identical or in privity; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was concluded by a final judgment on the merits; and 4) the same claim or cause of action was involved in both actions. *See Fogleman v. Meaux Surface Protection, Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995.

## FACTS AND PROCEDURAL HISTORY

Rachelle filed for divorce seeking termination of the couple's community property regime retroactive to the date of filing. Kurt filed an Answer, Reconventional Demand, and Exception of No Right of Action stating that the parties had a prenuptial agreement that established a separation of property regime. Kurt prayed for a hearing on several issues including that the prenuptial agreement "be declared valid and, therefore, no community property exists." Two days before

the date of the hearing, Rachelle filed for a declaratory judgment that the prenuptial agreement was invalid or, alternatively, unenforceable.

Rachelle's attack on the prenuptial agreement was based on these allegations:

1. It was signed at home without witnesses or notary, contrary to the assertions in the document;

2. Kurt exercised undue influence on Rachelle by presenting it to her four days before the wedding and threatening to call off the wedding if she did not sign;

3. Kurt did not allow Rachelle to seek legal advice;

4. Kurt promised to pay Rachelle $100,000 if a divorce was ever filed, which he did not do;

5. Kurt promised to annul a prior marriage,

6. Kurt failed to disclose his wealth to Rachelle, and

7. The agreement did not state that legal rights have been explained to either party.

At trial, the court took evidence of the events surrounding the signing of the prenuptial agreement. Counsel for Rachelle cross-examined Kurt on most of the allegations noted above. At the close of the trial, the court rendered judgment in favor of Kurt stating, "[t]he prenuptial agreement is valid. It's enforceable. Therefore, there exists no community property regime . . . with regard to these parties." The ruling was memorialized in a June 29, 2022, judgment. No writ or appeal was taken from this judgment.

On December 20, 2023, Rachelle requested a trial date on her declaratory judgment challenging the enforceability of the prenuptial agreement. Kurt responded with an Exception of Res Judicata. The trial court sustained the exception finding all matters of validity and enforceability of the prenuptial contract had been adjudicated at the 2022 trial.

2

# DISCUSSION

Rachelle presents two issues for review. First, she argues that Kurt did not file an exception to her declaratory judgment challenging the enforceability of the prenuptial agreement. Second, she argues that Kurt's pleadings did not place the issue of enforceability before the court, and no evidence was presented on this issue at the 2022 trial. These two issues are essentially the same because both contend that enforceability of the prenuptial agreement remained at issue after the 2022 trial.

Rachelle's claim that the trial court did not rule on the issue of enforceability is belied by the notice setting the matter for trial, the evidence taken at the trial, and the trial court's comments and ruling regarding the prenuptial agreement's validity and enforceability. Kurt's pleadings and the notice setting his issues for trial all unequivocally place "no community property" at issue. The prenuptial agreement must be enforceable to eliminate community property. Furthermore, the transcript of the proceedings shows Rachelle's counsel knew enforceability was at issue. He cross-examined Kurt on factors Rachelle relied on to challenge enforceability:

Q. You presented her that prenup four days before your wedding; isn't that correct?

A. Yes.

Q. And in fact you told her, "You don't sign this, we're not getting married."

A. Yes.

Q. So it was a condition of getting married: Sign this, or else?

A. Two years before that, yeah. A year before that, it was a condition that I was going to have a prenup with her, yes.

Q. But four days before the wedding, you told her, "Sign this, or we

3

don't get married."

. . . .

Q. And at that time, you promised to pay her $100,000 if ever y'all divorced?

A. Never, never, no. That's BS. I tell you what: If that was legal — if that was what I said, I promise you it'd be on a piece of paper notarized.
Do you have a paper where it's notarized? Can I ask the court — oh, excuse me.

Rachelle has no excuse for failing to present her own evidence or relying on her pleadings filed two days before the trial. She had ample notice that the trial would determine the community versus separate property issue.

Rachelle cites *Jefferson v. Board of Supervisors of S. Univ. & Agric. & Mech. College*, 21-716 (La. App. 1 Cir. 3/3/22), 341 So.3d 603, as a case like hers. It is not. *Jefferson* concerns two lawsuits brought by the same person but involving separate claims and circumstances. Here, Rachelle attempted to revive the exact issue she lost earlier and memorialized in the June 29, 2022 judgment.

## DECREE

The trial court's judgment sustaining the peremptory Exception of Res Judicata as asserted by Appellee, Byron Kurt Deshotels, is AFFIRMED. All costs are assessed to Appellant, Rachelle Marie Blanchard.

**AFFIRMED.**

4